96 583
100 518

## THE PEOPLE v. JESSE CARTER.

*Criminal law—Manslaughter—Joining in fight—Appeal—Assignments of error.*

1. A third person, who espouses the cause of one of the parties to a fight, into which he enters to help whip the other party, is responsible for the death of such party, whether caused by a blow given by himself, or by a kick administered by the surviving party, or from both combined; and the intent of such volunteer may be inferred from his conduct.

2. Questions based upon the alleged failure of the court to give instructions, to which counsel deem they were entitled, on the subjects of self-defense and reasonable doubt, will not be considered on the hearing in the Supreme Court, where the attention of the court was not directed to the alleged omission by requests to charge, and error is not assigned thereon.

Error to Berrien. (O'Hara, J.) Argued June 22, 1893. Decided July 26, 1893.

Respondent was convicted of the crime of manslaughter, and sentenced to imprisonment in the State prison for 15

years. Judgment affirmed. The facts are stated in the opinion.

*N. H. Bacon, George S. Clapp,* and *Spafford Tryon,* for respondent.

*A. A. Ellis,* Attorney General, and *N. A. Hamilton,* Prosecuting Attorney, for the people.

HOOKER, C. J. The respondent appeals from a conviction of manslaughter. One McCoy was attacked by a man named Cousins, in a saloon, for wearing some kind of a political badge, obnoxious to Cousins. Blows followed words, Cousins being knocked down once or twice by McCoy, who acted upon the defensive. During the *melée,* Carter, the respondent, ran up and struck McCoy, knocking him down. According to one or more witnesses, Carter struck McCoy twice. There was conflicting evidence as to McCoy's being kicked by Cousins after he was down. At all events, the blow from Carter, or a kick immediately after by Cousins, dislocated the vertebræ of his neck, and killed him. There was no testimony showing preconcert of action upon the part of Cousins and Carter. In his charge, the trial judge instructed the jury as follows:

"If this claim be true, the respondent cannot be convicted unless the blow given by him was the direct cause of McCoy's death, and such blow was not inflicted under the belief that it was reasonably necessary to protect himself from bodily harm; but, gentlemen, if Cousins and McCoy were having an altercation, and Carter, while Cousins and McCoy were scuffling with each other, and knowing that the scuffle between the two had not ended, approached McCoy, and struck him without provocation, and so struck him for the purpose of assisting Cousins to whip McCoy, and if such blow knocked McCoy to the floor, and put McCoy's body in such a position that he was helpless to protect himself from Cousins, and if, while McCoy was in such helpless position, Cousins immediately kicked him, then, gentlemen, such act upon the respondent's part

was unlawful, and in such case he is guilty of manslaughter, if the direct cause of McCoy's death was either the blow given by the respondent, or the kick given by Cousins while McCoy was upon the floor, or both combined."

Error is assigned upon this instruction. We think the court committed no error in this. Had Cousins and Carter joined in any preconcerted effort to whip McCoy, each would have been accountable for the other's acts. If the circumstances show that, during the fight, Carter espoused Cousins' cause, and entered the fight to help him whip McCoy, he became responsible for what followed. It is not necessary that this intention should be shown by Carter's statements, but it may be inferred from his conduct. The question was one for the jury, and was fairly left to them.

Error is assigned upon the refusal to give several requests to charge. All were based upon the proposition that, if death resulted from Cousins' kick, instead of Carter's blow, the respondent should be acquitted, and, as already intimated, the court properly refused them.

In a supplemental brief, presented at the hearing, some questions are raised which have no assignments of error to support them. They are based upon an alleged failure of the trial judge to give instructions to which counsel for the respondent now conceive him to have been entitled, upon the subjects of self-defense and reasonable doubt. It is urged that a verdict should not be allowed to stand if the record shows that the judge did not fully explain to the jury the questions necessary to an understanding of the case. Counsel who tried this case did not deem it necessary to call the court's attention to these matters by requests to charge, nor did he assign error upon them. Both were alluded to in the charge, and the instructions were correct as far as they went. We think, however, that these questions are not entitled to consideration, because not raised by the record.

We find no error in the proceedings, and the same will be affirmed.

The other Justices concurred.