THE PEOPLE v. JOHN ELDER, IMPLEADED WITH ROBERT NIXON.

*Homicide—Accomplice—Joint assault.*

Respondent was informed against for murder, and convicted of manslaughter. He was a bartender, and, in an altercation with the deceased, knocked him down, whereupon a bystander kicked the deceased, from which kick death resulted. The theory of the prosecution was that there was preconcert of action on the part of the bystander and the respondent. This the respondent denied, and claimed that he had no reason to expect any assistance from the bystander, or to anticipate his interference, and that he did not induce it. And it is held that the respondent was entitled to have his theory properly submitted to the jury, and, if they found it to be the correct one, he was entitled to an acquittal.

Error to Genesee. (Newton, J.) Submitted on briefs April 25, 1894. Decided June 2, 1894.

Respondent was convicted of the crime of manslaughter, and sentenced to imprisonment in the State House of Correction and Reformatory at Ionia for nine years. Judgment reversed. The facts are stated in the opinion.

*John M. Russell* and *Charles H. Johnson,* for respondent.

*A. A. Ellis,* Attorney General, and *George F. Brown,* Prosecuting Attorney, for the people.

HOOKER, J.   Respondent appeals from a conviction of manslaughter. He was a bartender, and, in an altercation with the deceased, struck him, and knocked him down, whereupon one Nixon, a bystander, kicked him, from which kick death resulted. The theory of the prosecution was that there was preconcert of action on the part of Nixon and the respondent. The respondent denies this; claiming that he had no reason to expect any assistance from Nixon, or to anticipate his interference, and that he did not induce it.

In his charge to the jury, the trial judge said, " On the part of the defendant, I give you the instructions which I now read." This was followed by the reading of several requests, in which the law was stated correctly upon the subject. The fifth was as follows:

"If it shall appear to you, from the evidence, that Elder did not himself inflict the blow or do the injury which resulted in the death of Lowden, and that Nixon, by his own motion, while the encounter between Elder and Lowden was going on, rushed in, uninvited by Elder, and inflicted the injuries which produced Lowden's death, then you must acquit the prisoner."

To this the court added as follows:

"Unless you find that his assault upon Lowden contributed and produced the conditions that deprived the deceased of the power of resistance, and enabled Nixon the better to inflict great bodily injury on the deceased,

if you find that the cause of death was the wounds or injury he received on that occasion."

The requests upon the part of the respondent were followed by those of the prosecution, 22 in number, most of which were given, and which seem to have concluded the charge. The first was as follows:

"If you find that the respondent assaulted Lowden, and felled him to the floor, putting the body of the deceased in such a position that he was helpless to protect himself from Nixon, and rendered it possible for Nixon to kick him, such act upon the respondent's part was unlawful; and if decedent's death was caused by the defendant's act, the kicking given by Nixon, or both combined, then they are equally guilty of the death caused."

This request, and the addition to respondent's fifth request, were in direct contradiction of the earlier requests given upon respondent's part, wherein the jury were instructed that the respondent could not be convicted if the death was caused by acts of Nixon, for which respondent was not responsible, and which he did not induce or anticipate. The discussion of this subject, which appears to have been the important point in the case, was left with the requests, and the addition which has been mentioned.

We fear that the jurors were misled by the first request of the prosecution, which, in plain terms, told them they might convict the respondent if he had "assaulted Lowden, and felled him to the floor, putting his body in such a position that he was helpless to protect himself from Nixon, and rendered it possible for Nixon to kick him," if such kick caused death. Equally faulty was the implication contained in the addition to respondent's fifth request,—that if respondent's assault "deprived the deceased of the power of resistance, and enabled Nixon the better to inflict great bodily injury on the deceased," a conviction might follow.

The case of *People v. Carter*, 96 Mich. 583, which seems to have been relied upon by the prosecution, was quite a different case from this. In that case the respondent felled the deceased by a blow while he was engaged in a fight with another, whereupon that other immediately kicked him. It was held that if the jury could find that the respondent volunteered to aid another in his fight, for the purpose of aiding him to whip the deceased, they were joint wrong-doers, responsible for each other's acts. In this case the respondent's contention was that he was not a volunteer in another's cause, but that the other volunteered in his, without his request or expectation. He was entitled to have his theory properly submitted to the jury.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.