## The People v. Donato Ezzo.

*Criminal law—Rape—Evidence—Instructions to jury.*

| 104 | 341 |
| 125 | 379 |
| 104 | 341 |
| 135 | 380 |
| 104 | 341 |
| 145 | 529 |

1. On the trial of a respondent for rape alleged to have been committed upon his stepdaughter during the absence of her mother, the daughter was permitted to testify that she did not complain to her mother, upon her return on the evening of the day on which the offense was committed, because of the threat of the respondent to kill her if she made such complaint. And it is held that the evidence was properly admitted.

2. An instruction that a respondent is presumed to be innocent of the offense charged in the information; that such presumption surrounds him until removed by evidence that satisfies the jury beyond any reasonable doubt of his guilt; that by proof beyond a reasonable doubt is meant such proof as precludes every reasonable hypothesis except that of guilt; that it is proof to a moral certainty, as distinguished from an absolute certainty; that it is not proof beyond all imaginary doubt, but is such proof as satisfies the judgment and conscience of the jury, as reasonable men applying their reason to the evidence before them, that the crime charged has been committed by the respondent; so satisfies them as to leave no other reasonable conclusion possible,—correctly and clearly covers the entire subject of reasonable doubt.

3. In criminal as well as in civil cases it is the duty of counsel to specifically call the attention of the court to points on which they desire the jury to be instructed.

4. Respondent was informed against for rape. The only witnesses sworn on the trial were the respondent and his accuser. Her testimony, if true, established all of the elements of the offense charged, while his testimony, if believed by the jury, showed that he was not even guilty of taking improper liberties with her person. The court instructed the jury fully as to the offense charged, but did not instruct them that they might convict respondent of assault with intent to commit the crime of rape, or of assault and battery, nor was any such instruction asked for by the respondent. And it is held that the failure to give such instruction was not error.[1]

---

[1] See *People v. Harris*, 103 Mich. 473, and cases cited.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued March 1, 1895. Decided March 12, 1895.

Respondent was convicted of the crime of rape, and sentenced to imprisonment in the State prison at Jackson for 20 years. Judgment affirmed. The facts are stated in the opinion.

*Samuel D. Clay* and *Nathan P. Allen,* for respondent.

*Fred A. Maynard,* Attorney General, and *Alfred Wolcott,* Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of the crime of rape upon his stepdaughter, 16 years old.

1. It was not error to permit the prosecution to ask the complaining witness why she did not make complaint to her mother immediately after the commission of the crime. It is always competent for the prosecution to explain such a delay. In response, she testified that respondent threatened to kill her if she did.

2. It is insisted that the court did not correctly instruct the jury upon the subject of a reasonable doubt. The instruction was as follows:

"The respondent comes before you presumed to be innocent of the offense charged in this information, and that presumption continues to surround him until removed by evidence that satisfies your minds beyond any reasonable doubt of his guilt of the offense charged; and by proof beyond a reasonable doubt I mean such proof as precludes every reasonable hypothesis except that of the respondent's guilt of the offense charged. It is proof to a moral certainty, as distinguished from an absolute certainty. Proof beyond a reasonable doubt is not beyond all imaginary doubt, but such proof as satisfies the judgment and conscience of the jury, as reasonable men applying their reason to the evidence before them, that the crime charged has been committed by the respondent; so satisfies them as to leave no other reasonable conclusion possible."

The charge is very clear and explicit, and covers the entire ground.

3. It is contended that the court erred in not instructing the jury that they might convict the respondent of any offense included within the charge laid in the information, viz., assault with intent to commit rape, or assault and battery. No such instruction was asked, and under the evidence the respondent was either guilty of the crime charged or not guilty of any crime. In criminal as well as in civil cases it is the duty of counsel to specifically call the attention of the court to points on which they desire the jury to be instructed. The instruction was entirely correct, so far as it concerned the crime alleged in the information, and it is fair to presume that it was argued to the jury upon that basis. There were only two witnesses, the respondent and his accuser. If the jury believed him, he had taken no liberties whatever with her, and her story was absolutely false. If they believed her, all the elements which constitute the major crime were proven.

The judgment is affirmed.

The other Justices concurred.