## THE PEOPLE v. ALFRED WILLETT.

*Criminal law—Homicide—Information—Evidence—Instructions to jury.*

1. An instruction in a criminal case, in which the guilt of the respondent is sought to be established by circumstantial evidence, that, if a single circumstance proven is inconsistent with the guilt of the respondent, he should be acquitted, is properly refused.

2. The Court distinguish such a case from *People v. Stewart*, 75 Mich. 21, where it was held error to refuse to instruct the jury that, if they had any reasonable doubt about any one of the necessary facts or links constituting the chain of circumstances, they should acquit, and draw a distinction between "a circumstance proven" and "a necessary link in the chain of circumstances."

3. The words "ravish" and "rape," as used in an information charging the respondent with the crime of murder committed, as alleged, in the perpetration or attempted perpetration of the crime of rape, imply force and violence in the man and want of consent in the woman, and are equivalent to the words "by force and against her will."

4. Where, in a criminal case, a witness for the respondent testifies
   • that, during the time he worked for the witness, she found him honest and clever in his work, that he always did what was right, and that he did nothing wrong in her presence, she may be cross-examined as to the drinking habits of the respondent, and as to his being drunk, and being out late nights, upon divers occasions and times during the time he worked for the witness, and prior to the commission of the alleged murder.

5. An instruction that the testimony of the respondent is to be scanned and tested the same as that of "other witnesses," and, if rational, natural, and consistent, it may outweigh the testimony of "other witnesses," is not open to the criticism that the court should have used the language "any other witness or witnesses," instead of "other witnesses," the language used being applicable to any other witness and to all other witnesses.

6. An instruction in a criminal case that the law presumes every man innocent of the crime charged, and of every offense included in the formal charge, that this presumption surrounds and abides with him throughout the entire trial, and should be borne in mind by the jury at each successive step in their deliberations as to their verdict, coupled with instructions, both general and special, that the prosecution must, by proofs, establish the guilt of the respondent beyond a reasonable doubt, and that the jury must give the respondent the benefit of all reasonable doubts, and of the presumption of innocence to which the law entitles him, are sufficiently specific as to the presumption of the innocence of the respondent.

7. The omission of specific instructions for the respondent in a criminal case is not error, if the instructions were not asked for, and the charge actually given guards the substantial rights of the respondent, and is not misleading.

Exceptions before judgment · from Macomb. (Eldredge, J.) Argued February 28, 1895. Decided April 26, 1895.

Respondent was convicted of murder in the first degree. Conviction affirmed. The facts are stated in the opinion.

*Turner & Crawford* (*Jerome W. Turner*, of counsel), for respondent.

*Fred A. Maynard*, Attorney General, and *John A. Weeks*, Prosecuting Attorney (*Byron R. Erskine*, of counsel), for the people.

McGRATH, C. J. Respondent was convicted of murder in the first degree. The theory of the prosecution was that respondent, who was of the age of 16 years, invited the decedent, a female of 21 years of age, to take a boat ride with him in the evening, just before sundown; that, before going, he made the threat that he would either have intercourse with the girl before they returned, or the girl would have to swim; that he was seen early in

the evening, when near the shore, by several parties, exposing his privates to the girl, and trying to take improper liberties with her person; that she resisted, and wished to be taken ashore; that he replied that she would have to submit or swim; that, between 9 and 10 in the evening, a controversy was heard to take place in the boat; that she was at first heard to squeal, as the witness expressed it; that it continued for half an hour, she getting more emphatic; that he was heard several times to say, "Let go of my arm," and "Shut up;" that afterwards a splash in the water was heard, and both were taken from the water.   Respondent kept afloat. The girl, however, sank, and all efforts to resuscitate her were unavailing.

One of the counts in the information averred—

"That said Alfred Willett, on the 2d day of July, 1894, at the city of Mt. Clemens, in said county, in and upon one Nellie Jessie Van Zant, feloniously, willfully, and of his malice aforethought, did make an assault, and her, the said Nellie Jessie Van Zant, did then and there push, shove, throw, and precipitate into the waters of the Clinton river, there situate, wherein," etc.

A second count charged—

"That the said Alfred Willett,   *   *   *   in and upon the said Nellie Jessie Van Zant, feloniously, willfully, and of his malice aforethought, did make an assault, and her, the said Nellie Jessie Van Zant, then and there, feloniously and against her will, did ravish and carnally know, and that the said Alfred Willett, while then and there engaged in perpetrating the crime of rape upon the person of the said Nellie Jessie Van Zant, in a rowboat on the waters of the Clinton river, in said county, did then and there, willfully, feloniously, and of his malice aforethought, overturn, upset, and capsize said rowboat, and by means whereof the said Nellie Jessie Van Zant was thrown and precipitated into the waters of said river,   *   *   *   and was suffocated and drowned."

A third count,—

"That the said Alfred Willett,   *   *  ·  *   in and

upon the said Nellie Jessie Van Zant, feloniously, willfully, and of his malice aforethought, did make an assault, and did then and there perpetrate the crime of rape upon the person of the said Nellie Jessie Van Zant, in a rowboat on the Clinton river, in said city; and the said Alfred Willett then and there, while so engaged in perpetrating the crime of rape upon the person of the said Nellie Jessie Van Zant, did, feloniously, willfully, and of his malice aforethought, overturn, upset, capsize said rowboat, and by means whereof the said Nellie Jessie Van Zant was thrown and precipitated into the waters of said river."

A fourth count,—

"That the said Alfred Willett, * * * in a certain rowboat on the waters of the Clinton river, in said county, in and upon Nellie Jessie Van Zant, feloniously, willfully, and of his malice aforethought, did make an assault, and her, the said Nellie Jessie Van Zant, then and there in said rowboat, feloniously and against her will, did attempt to ravish and carnally know; and the said Alfred Willett, while then and there attempting to perpetrate the crime of rape upon the person of the said Nellie Jessie Van Zant, overturned, upset, and capsized the said rowboat, and by means whereof the said Nellie Jessie Van Zant was thrown and precipitated into the waters of said river, and by reason thereof inhaled large quantities of water into her lungs, by means whereof she, the said Nellie Jessie Van Zant, became mortally sick, and of such mortal sickness the said Nellie Jessie Van Zant then and there died."

The assignments of error relate principally to the charge of the court.

Counsel for the defense made but a single request, which was as follows:

"I desire the court to instruct the jury that the testimony in this case is wholly circumstantial, and when such is the case, if a single circumstance proven is inconsistent with the guilt of the accused, your duty is to acquit."

We are referred to *People v. Stewart*, 75 Mich. 21; but

105 MICH.—8.

the request which the Court in that case held should have been given was:

"If you have any reasonable doubt about any one of the necessary facts or links constituting the chain of circumstances, then you should acquit."

There is a distinction between a circumstance proven and a necessary link in the chain of circumstances.

It is next contended that the information is defective, in that the crime of rape is not sufficiently set forth therein. Section 9094, How. Stat., provides that, if any person shall ravish and carnally know any female by force and against her will, he shall be punished, etc.; and section 9095 provides that, if any person shall assault any female with intent to commit the crime of rape, he shall be deemed a felonious assaulter, etc. Section 9075 provides that all murder which shall be committed in the perpetration or attempt to perpetrate any rape shall be deemed murder in the first degree. Section 9527 declares that, in all indictments for murder and manslaughter, it shall not be necesssary to set forth the manner in which or the means by which the death was caused. Each of the counts contains the further allegation that—

"The said Alfred Willett, by reason of the premises aforesaid, and by means of the premises aforesaid, did then and there, feloniously, willfully, and of his malice aforethought, kill and murder the said Nellie Jessie Van Zant," etc.

In setting forth the manner or means by which the killing was done, the respondent has not been misled or prejudiced. The terms made use of leave no doubt as to the meaning. If the words "by force and against her will" have been omitted, other equivalent words have been used. The word "ravish" implies force and violence in the man and want of consent in the woman, and the same may be said of the word "rape." *Harman v. Com.*, 12 Serg. & R. 69; *Com. v. Scannel*, 11 Cush. 547;

*Com. v. Fogerty*, 8 Gray, 489; *Leoni v. State*, 44 Ala. 110; *State v. Daly*, 16 Or. 240.

The cross-examination of the witness Wood was entirely proper, in view of the fact that the witness had testified on direct that, "during the time he worked for me, I found him honest and clever in his work, and he always did what was right. He did nothing that was wrong in my presence."[1]

The court instructed the jury that—

"In the beneficence of our modern statutes, in this State, one on trial for a crime is allowed to testify under oath in his own behalf.    His interest in the result of the trial, that would formerly preclude his so testifying, now has not that effect, and it is the duty of the jurors, where this is done, to give his testimony such weight as, in view of all the facts and circumstances shown, it shall appear to them to be entitled to.    His interest is to be considered only so far as it affects his credit.    His testimony is to be scanned and tested the same as that of other witnesses.    If rational, natural, and consistent, it may outweigh the testimony of other witnesses.    If inconsistent with established facts, or with his prior statements, you will treat it the same as you would that of any other witness whose testimony is thus defective.

"The law presumes every man innocent of the crime charged, and of every offense included in the formal charge; and this presumption surrounds and abides with him throughout the entire trial, and this presumption should be borne in mind at each successive step in your deliberations as to your verdict.

"To justify your conviction of the accused of any offense within the charge made in the information, it is the duty of the people, and on them rests the burden thereof, to satisfy you by competent evidence that the respondent is guilty beyond a reasonable doubt."

The criticism made to the first paragraph is that the

---

[1] Respondent moved for a new trial on the ground, among others, "that the court allowed the prosecuting attorney to put questions upon cross-examination to the witness Wood, and to receive replies from said witness tending to disparage the reputation of respondent as to his drinking habits, and as to his being drunk, and being out late nights, upon divers occasions and times previous to the commission of the alleged murder."

court should have used the language "any other witness or witnesses," instead of "other witnesses." The language used by the court is in no sense limited. It applied to any other witness and to all other witnesses.

It is urged that in the second paragraph the court should have told the jury that they should start upon the trial with the presumption uppermost in their mind that the respondent was innocent of the crime charged, and that that presumption should remain until the people had introduced proof into the case to overcome that presumption beyond all reasonable doubt. In addition to the language used in this paragraph and in the next succeeding paragraph, the court several times instructed the jury, not only generally, but specifically, that the prosecution must, by proofs, establish the guilt of the respondent beyond a reasonable doubt, and that the jury must give the respondent the benefit of all reasonable doubts, and of the presumption of innocence to which the law entitled him.

Again, it is contended that the court erred in instructing the jury that they should notice the difference between the two theories of the prosecution: *First,* that respondent purposely overturned the boat, or threw deceased into the river, and was not at the time committing or attempting to commit rape; and, *second,* that the boat was unintentionally overturned, while respondent was committing or attempting to commit rape. The point made is that the second count in the information alleges a willful act. But the court was not referring to counts, but to theories, and the last count does not charge that the boat was purposely overturned.

A number of assignments are based upon the failure of the court to instruct the jury more fully and particularly. As already intimated, no requests were presented relative to these matters. The omission of specific instructions for the respondent in a criminal case is not error, if the instructions were not asked for, and the charge actually given guarded the substantial

rights of the accused, and was not misleading. *Driscoll v. People*, 47 Mich. 413. The instructions given by the learned circuit judge were clear, full, and specific, and the issues fairly presented.

The conviction is affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.