## PEOPLE v. CARTER.

1. CRIMINAL LAW—ASSAULT—INTENT—INSTRUCTIONS.

Where the court instructed the jury fully as to the specific intent which must be found before they could convict of assault with intent to do great bodily harm less than murder, and that in determining the intent they must consider all the circumstances, it was not error to refuse to instruct that if the firing of the pistol, upon which the charge was predicated, was not shown, by further proof than the presumption attaching to the act, to have been with the intent charged, the jury should acquit.

2. SAME—SPECIAL DEFENSE—APPEAL.

The defense of intoxication to such a degree as not to be able to entertain a criminal intent charged should be brought to the attention of the trial court, and instructions thereon requested, in order that alleged error in failing to submit such defense may be considered on appeal.

Error to recorder's court of Detroit; Chapin, J. Submitted June 16, 1898. Decided July 12, 1898.

Douglass Carter was convicted of assault with intent to do great bodily harm less than murder. Affirmed.

*Henry M. Cheever*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Byron S. Waite*, Assistant Prosecuting Attorney, for the people.

GRANT, C. J.   Respondent was convicted of assault with intent to do great bodily harm less than the crime of murder.   Several errors are assigned upon the rejection and admission of testimony.   To state and discuss them would not establish precedents of any value.   We have examined them, and find no error in the rulings.

Error is assigned upon the refusal to give the following request:

" The intent to do this great bodily harm is the gist of this crime, and in this case, although, if you should find that the prisoner intentionally fired the pistol at Williams, the presumption that he intended to do great bodily harm would be a very important circumstance, and very strong in making the proof necessary to convict, still this is not conclusive nor alone sufficient, but should be supplemented by other testimony to avoid the reasonable doubt, and, if there is no other testimony tending to show such intent, you should acquit."

The court instructed the jury fully as to the specific intent which must be found before they could convict, and that in determining the intent they must consider all the circumstances of the case.   Respondent testified that he was drunk and that the crowd were all drunk.   He, however, seemed to have a very clear recollection of all that occurred, and did not give any testimony to show that he was so intoxicated as not to comprehend what he was doing.   He was the only witness to testify to the intoxication of any one.   His counsel argues that, by the refusal to give this request, respondent was deprived of his defense of intoxication to such a degree as not to be able to entertain the intent charged.   If his counsel desired to make this defense, he should have called the attention of the court to it, and requested an instruction.   Having failed to do this, the point cannot now be raised.   *People* v. *Raher,*

92 Mich. 165 (31 Am. St. Rep. 575). We think the request was properly refused.

We have examined the other assignments, and find no error.

Conviction affirmed.

The other Justices concurred.