## PEOPLE v. YUND.

1. ASSAULT AND BATTERY—RES GESTÆ—SUBSEQUENT OCCURRENCE.
    It was error, on cross-examination of complaining witness in a prosecution for assault and battery, to exclude questions rel- ative to what occurred in continuation of the quarrel, without interruption, a short distance from the place of the first as- sault.

2. CRIMINAL LAW — FORMER CONVICTION — CROSS-EXAMINATION —
TRIAL.

In a prosecution for assault and battery, in which respondent
took the stand, it was within the discretion of the circuit
court to permit the prosecutor to cross-examine the respond-
ent as to the details of a former conviction for another offense.
BLAIR, J., dissenting.

3. SAME—CONDUCT OF PROSECUTOR—ARGUMENT.

While the prosecuting attorney improperly stated, in argument
to the jury, that if they convicted respondent on appeal from
a conviction in justice's court, they would do only what an-
other jury had done, the misconduct was not reversible error,
where the circuit judge corrected the effect of it at the time,
and advised the jury that no weight should be given to the
result in justice's court.

4. SAME—PRESUMPTION OF INNOCENCE—REASONABLE DOUBT.

While it was error for the circuit judge to omit to instruct the
jury as to reasonable doubt and the presumption of innocence,
a just conviction will not be reversed for such omission which
is not brought to the court's attention by exception or request
to charge.

5. SAME—APPEAL AND ERROR.

The right of appeal is statutory, and review and reversal for
an error not raised in accordance with the statutes and rules
of practice, is not a right of a defendant, but may be discre-
tionary with the court, although such discretion is seldom
exercised.

Exceptions before sentence from Berrien; Coolidge, J.
Submitted October 21, 1910. ( Docket No. 146.) De-
cided December 7, 1910.

Philip Yund was convicted of assault and battery on
appeal from a conviction in justice's court.   Reversed.

*John J. Sterling,* for appellant.

*William H. Andrews,* Prosecuting Attorney, for the
people.

HOOKER, J.   The respondent was convicted of assault
and battery in circuit court on appeal from a similar con-
viction in justice's court.

The evidence indicates that the parties (complainant

and defendant) had an altercation over the pay for some bolts and timber, sold by complainant to defendant. It culminated in the alleged assault while they were going to the depot, after an agreement had been reached. The details of the affair need not be stated. The depot was but a short distance, *i. e.*, about 125 feet from the scene of the altercation, and respondent's counsel sought to show that complainant had continued the quarrel at the depot. One Monroe testified:

"I saw those two parties at the station on the 15th of April, 1909, about the time the fight occurred. I noticed that one side of Yund's face was somewhat bloody, and swollen and dirty. His collar was torn off. He took a clean collar from his grip and put it on in the depot. I saw Mr. Heffner there in the depot.

"*Q.* Was there any disturbance at the depot?

"*Mr. Andrews:* I object to it.

"*The Court:* The objection is sustained.

"*Mr. Sterling:* Note an exception.

"*Q.* Did Mr. Heffner in your presence call Mr. Yund a 'son of a bitch,' and say if he would come outside, 'I would lick him in less time than he could tell about it,' or something to that effect?

"*Mr. Andrews:* Objected to.

"*The Court:* The objection is sustained."

It was claimed that this tended to corroborate defendant's testimony that complainant was the aggressor. Similar questions were asked of the complaining witness on cross-examination, and the testimony was excluded on objection by the prosecutor. On defendant's cross-examination, the following occurred:

"*Q.* Have you ever been arrested before this?

"*A.* Yes, sir.

"*Q.* What were you charged with at that time?

"*A.* Libel.

"*Q.* Convicted?

"*A.* Yes, sir.

"*Q.* Fined?

"*A.* Yes, sir.

"*Q.* Paid your fine?

"*A.* Yes, sir.

"*Q.* Libel is publishing that which you know to be false against somebody else, is it not?

"*Mr. Sterling:* I object to that.

"*The Court:* He is not called upon to define that.

"*Mr. Sterling:* I except to that question being propounded to the witness. It is done solely for prejudice; that is all.

"*Q.* In that case you were charged with publishing?

"*Mr. Sterling:* I object to the question before it is propounded.

"*The Court:* He has not finished.

"*Q.* You were charged with publishing a false statement against a neighbor of your township?

"*Mr. Sterling:* I object to the question.

"*The Court:* The objection is overruled.

"*Mr. Sterling:* They may show he was convicted of that offense and punished for it, but not to go into the details of it.

"*The Court:* He cannot go into the details. He was charged with committing a certain offense, and the prosecutor can state just what he was charged with. That is all he is attempting to do now.

"*Mr. Sterling:* The records will show for themselves. (Question read.)

"*Mr. Sterling:* I object to it; the records are here of this court, and that is the best evidence of what he was charged with.

"*The Court:* The objection is overruled.

"*Mr. Sterling:* Note an exception. (Question read.)

"*The Witness:* In what way do you want me to answer?

"*Mr. Andrews:* Answer any way you want to.

"*Mr. Sterling:* He has asked you what the charge was against you.

"*The Witness:* I published a statement, yes.

"*Q.* I say you were charged with publishing a false statement against that party?

"*A.* I said, 'Yes.'

"*Q.* And you were convicted of that charge?

"*A.* Yes, sir.

"*Q.* And the party was Philip Hyler of your township?

"*A.* Yes, sir."

In his argument to the jury the prosecuting attorney said:

" If you say he is guilty, you will only be doing what another jury has done up at Watervliet, before this was appealed."

To which language and remarks counsel for respondent excepted.

"*The Court:* The jury should pay no attention to what is done below whatever—not the least in the world—what is tried before that jury.

" *Mr. Andrews:* The defense brought it in.

"*The Court:* It makes no difference if brought in by a dozen different witnesses. The jury try the case by the evidence here, and what was done in justice's court should have no influence whatever."

The charge of the trial judge was short and we give it in full :

"Gentlemen of the jury : I do not propose to say but a word or two with reference to this case. It is really a case for you and not for the court. There are no questions of law of great importance in this case; simply questions of fact for you to decide; an assault and battery case, and it is one of those cases for a jury to decide from the testimony in the case, and for the court to say very little. I will say a word or two. If the defendant in this case was the aggressor, made the first assualt upon the complaining witness, then of course he is liable. If the complaining witness first made an assualt upon the defendant, then of course the defendant is not liable for assault and battery, unless he used excessive force. It is claimed here by the prosecution that the defendant kicked the complaining witness. It is for you to decide, if it becomes necessary, whether the defendant used excessive force. That is, more force than was necessary to protect himself, or more force than a prudent man would use under those circumstances, under the excitement of the fight.

"At the request of defendant's counsel I also make another charge; if you find here that there was a mutual fight, which is called in law an affray, then the defendant would not be liable unless he used excessive force. That is, if two men go out to fight, if they are both willing to fight, if each invites the other, neither of them are liable for assault and battery unless excessive force was used. They are liable to the people, but not to each other. This is called an affray, where the

two men get into a fight and both want to fight. They are liable both to be hauled up and punished for fighting. However, in the case of an affray if one uses excessive violence, goes entirely too far out of proportion to the affair, he is liable for assault and battery. Those are all the principles that apply to this case. You simply use your good sense. I have nothing to say about the merits of the case. The officer can be sworn."

No requests were offered, nor was an exception taken.

Counsel assign error upon the failure to instruct upon the subject of the presumption of innocence and reasonable doubt.

We think the conversation at the depot was a part of the *res gestœ*. It appears to have been a continuation of the quarrel, without interruption. The cross-examination of the complainant and the testimony of Monroe were admissible.

There was no error in the cross-examination of respondent, in relation to his conviction for libel. The matter was within the discretion of the circuit judge.

The argument of the prosecuting attorney was improper, but as it was a fact which must have been known, from the record, we should not reverse the case on that ground, especially in view of the remarks of the learned circuit judge in that connection.

Ordinarily a charge in a criminal case should contain instructions upon the subjects of the presumption of innocence and reasonable doubt. We should not reverse this cause for that omission; neither request nor exception being taken. It cannot be doubted that this omission was inadvertent, possibly in view of the fact that the jury had listened to instructions repeatedly in other cases; neither can it be doubted that had counsel suggested the subject or the omission, the judge would have given such instruction. A premium should not be placed on the practice in this case. Counsel owe it to the trial judge to be attentive to the charge and suggest corrections where respondent's rights are injured by it. Especially is this

true where the rule is as well understood as in these particulars.

Again, while an exception need not be taken to misstatements of law in the charge, it is usually necessary where the fault consists of an omission. It is only fair to the public and to the trial judge, that exceptions be taken in both cases. The necessity has been abolished in the former case, but we cannot extend the rule. We do not overlook the alleged power of this court to consider the question, though no request was made nor exception taken, but it is only in cases clearly demanding it by reason of an apparent miscarriage of justice, that we will do so.

The right of appeal is statutory, and review and reversal for an error not raised in accordance with the statutes and rules of practice is not a right of a defendant, but may be within the discretion of this court, though it is seldom exercised. *People* v. *Maunausau*, 60 Mich. 15 (26 N. W. 797); *People* v. *Waller*, 70 Mich. 237 (38 N. W. 261); *People* v. *Ezzo*, 104 Mich. 341 (62 N. W. 407); *People* v. *Warner*, 104 Mich. 337 (62 N. W. 405); *People* v· *Willett*, 105 Mich. 110 (62 N. W. 1115); *People* v. *Considine*, 105 Mich. 149 (63 N. W. 196); *People* v. *Parsons*, 105 Mich. 177 (63 N. W. 69); *People* v. *Hinshaw*, 135 Mich. 378 (97 N. W. 758); *People* v. *Murphy*, 56 Mich. 546 (23 N. W. 215); *People* v. *Carter*, 96 Mich. 583 (56 N. W. 79); *People* v. *Carter*, 117 Mich. 576 (76 N. W. 90). The cases relied upon by respondent's counsel to sustain this contention were reviewed and distinguished by Chief Justice MORSE, in the case of *People* v. *Graney*, 91 Mich. 649 (52 N. W. 66), and this was followed in an opinion written by Mr. Justice GRANT, in *People* v. *Ostrander*, 110 Mich. 60 (67 N. W. 1079).

The judgment is reversed, and a new trial ordered.

MOORE, McALVAY, and BROOKE, JJ., concurred with HOOKER, J.

BLAIR, J.   I think there was reversible error in permitting cross-examination as to the details of the libel, and I concur in reversal upon the ground stated in the opinion. As to the other questions, which will probably not arise upon another trial, I express no opinion.