PEOPLE v. MANCHESTER.

1. CRIMINAL LAW — RAPE — STATUTORY RAPE—OTHER OFFENSES— PURPOSE OF TESTIMONY.

Although, in a prosecution for statutory rape, defendant is entitled to specific instructions as to the purpose of testimony relative to other offenses, where he neglected to so request, he may not complain that said instruction was not given.[1]

2. SAME—FAILURE TO DEFINE LESSER CRIMES NOT ERROR IN AB-SENCE OF REQUEST THEREFOR.

Where the court instructed the jury that the charge of rape included the lesser crimes of assault with intent to rape and assault and battery, failure to define them was not reversible error, in the absence of a request therefor.[2] WIEST, CLARK, and McDONALD, JJ., dissenting.

Error to Arenac; Smith (Guy E.), J.    Submitted

[1]Criminal Law, 16 C. J. §§ 2157, 2500; [2]Id., 16 C. J. § 2498.

April 15, 1926.    (Docket No. 146.)    Decided July 22, 1926.

James Manchester was convicted of statutory rape, and sentenced to imprisonment for not less than 5 nor more than 15 years in the State prison at Jackson. Affirmed.

*C. A. Withey,* for appellant.

*Andrew B. Dougherty,* Attorney General, *James A. Greene,* Assistant Attorney General, and *S. E. Hayes,* Prosecuting Attorney, for the people.

SNOW, J.    The defendant reviews, on writ of error, his conviction of statutory rape.    Upon the trial Dora Woolheiser, the 13-year old girl it is claimed defendant assaulted, testified to previous acts of sexual inter-course between them.    It is conceded this testimony was admissible, but defendant contends the court should have instructed the jury for what purpose it was received, and that it was not substantive proof of the offense charged.    No request was preferred by defendant's counsel on this subject, and the court said nothing about it in the charge.    When the evidence was received, however, the prosecuting attorney stated in the presence of the jury: "Your honor, I think we have a right under the law to show previous acts in order to substantiate the charge."

The defendant's claim was that he was not at home when the girl claims he assaulted her there on the 15th of August, and he was corroborated in this by the testimony of his niece.    This was the issue upon which all the testimony was offered, and the one submitted to the jury for its determination, and we find nothing in the record to lead us to the belief that the jury convicted the defendant for any other offense incidentally brought out on the trial.

Defendant was entitled to specific instructions as to

the purpose of the testimony relative to other offenses, had he proffered requests for the same. Failing, however, to so request, he cannot complain that the court made no reference to it. *People* v. *Brott,* 163 Mich. 150; *People* v. *Ezzo,* 104 Mich. 341; *People* v. *Hinshaw,* 135 Mich. 378; *People* v. *Willett,* 105 Mich. 110; *Driscoll* v. *People,* 47 Mich. 413; *People* v. *Yund,* 163 Mich. 504; *People* v. *Waller,* 70 Mich. 239; *People* v. *Raher,* 92 Mich. 165 (31 Am. St. Rep. 575); *People* v. *Warner,* 104 Mich. 337; *People* v. *Page,* 198 Mich. 524; *People* v. *Luce,* 210 Mich. 621.

Defendant further complains that while the court instructed the jury that the charge of rape included the lesser crimes of assault with intent to rape and assault and battery, no definition was given of either, although simple assault was defined. Here again no request was made to the court to more fully instruct as to what constituted the different degrees embraced within the crime of rape. But, in any event, see case of *People* v. *Allie,* 216 Mich. 133. In this case Justice BIRD, speaking for the majority of the court on page 138, uses this language:

"The statute heretofore quoted, which entitles defendant to have the jury charged that they may convict of the included offenses applies to other criminal cases as well as to rape cases, and we see no reason for any different rule to be followed in rape cases than in other criminal cases. We are satisfied that the holdings in the rape cases have gone too far and that they are out of line with the general rule which has been followed in other criminal cases. For this reason the holdings in those cases must be modified to conform with the general rule.

"In the present case the court did not advise the jury that they could convict the defendant of an attempt to commit the crime of robbery nor of assault and battery. Its attention was not challenged to it in any way. No request to that effect was proffered, and we are of the opinion that, after counsel had neglected to call it to the attention of the trial court

at the time, he should not now be permitted to come before the appellate court, and have the case reversed on that ground."

Former decisions holding the contrary were in effect overruled.    This rule must be held as controlling the exception in the instant case.

Other exceptions have been considered and we find them to be without merit.    The record impresses upon us the opinion that the defendant had a fair trial and was rightfully convicted.

The judgment of conviction will be affirmed.

Bird, C. J., and Sharpe, Steere, and Fellows, JJ., concurred with Snow, J.

Wiest, J. (*dissenting*).    I am of the opinion the conviction should be reversed.    It was the duty of the trial judge, *sua sponte,* either at the time of the admission of the testimony or in giving instructions, to warn the jury that the testimony relative to previous acts could not be used for the purpose stated by the prosecutor.    The fact that testimony is admissible for one purpose, and in offering it the prosecutor claims it admissible for another and forbidden purpose, and the court admits the testimony upon the statement of the prosecutor without caution to the jury that it is not admissible for the purpose stated, is, in my judgment, prejudicial error.

We held in *People* v. *Gengels,* 218 Mich. 632, that proof of acts of sexual intercourse previous to the one charged in the information is permissible only for the purpose of showing opportunity, disposition of the parties and intimate relations tending to break down self-respect and modesty.

In *People* v. *Abbott,* 97 Mich. 484 (37 Am. St. Rep. 360.), it was held:

"While such testimony was not admissible for the purpose of making it more probable that the offense

charged had been committed, yet it was admissible for the purpose of showing the relations of the parties, and the opportunity offered the respondent of meeting her."

The admission of this testimony, without caution as to its use, permitted the jury to employ it as substantive proof of the offense charged.

The conviction should be reversed and a new trial granted.

CLARK and McDONALD, JJ., concurred with WIEST, J.