PEOPLE v McGEE

CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.
The instructions to the jury in a criminal case need not include a
definition of the lesser included offenses where no request for
such an instruction has been made..

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 October 10, 1972, at Lansing. (Docket No. 11111.) Decided October 24, 1972. Leave to appeal denied, 389 Mich 771.

Oliver McGee was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Hayes & Kittendorf,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and T. M. BURNS, JJ.

DANHOF, P. J. After a jury trial the defendant was convicted of armed robbery. MCLA 750.529; MSA 28.797. On appeal the defendant contends that the trial court erred in its jury instructions by overemphasizing the charged offense of armed robbery, and not sufficiently emphasizing the lesser included offenses. He also raises a second

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 286.

contention arguing that the trial court erred in failing to define all of the elements of the lesser included offenses.

A reading of the jury instructions reveals that the defendant's first contention lacks merit. The second contention requires some discussion.

The defendant concedes that no instruction defining the elements of the lesser included offenses was requested. However, the defendant contends that such an instruction must be given even in the absence of a request, relying on *People v Miller,* 35 Mich App 627 (1971). The defendant's reliance on *Miller* is misplaced. That case is distinguishable on several grounds.

*Miller* did not involve an instruction regarding a lesser included offense. In *Miller* the instruction was on the offense charged in the information. The cases dealing with the question of defining a lesser included offense when no request is made do not require that they be defined. *People v Mac-Pherson,* 323 Mich 438 (1949); *People v Manchester,* 235 Mich 594 (1926); *People v McGuire,* 39 Mich App 308 (1972); *People v Crosby,* 19 Mich App 135 (1969).

In *Miller* the court did not reach the question of whether the failure to offer a definition of one element of the offense was reversible error. In *Miller* the defendant was charged with breaking and entering with intent to commit larceny. A reading of the trial court's instructions as a whole led this Court to the conclusion that the instructions conveyed the impression that the jury could convict the defendant of the crime charged merely on a finding that he broke and entered. Thus, *Miller* is not in point in a case involving the adequacy of a definition.

Affirmed.

All concurred.