PEOPLE v BONNER

Docket No. 55061. Submitted March 8, 1982, at Detroit.—Decided May 4, 1982. Leave to appeal applied for.

William W. Bonner was convicted of assault with intent to do great bodily harm less than murder, possession of a firearm in the commission of a felony, and possession of a short-barreled shotgun, Wayne Circuit Court, Michael L. Stacey, J. Defendant appeals, alleging several errors. *Held:*

1. In this case, the assault charge was supported by the use of the shotgun. The possession of the shotgun was also shown by that use. Because the convictions on both counts were based on proof of a single act, the possession charge was a lesser included offense of the assault charge. Conviction on both charges is a violation of double jeopardy. Therefore, the conviction and sentence on the charge of possession of a short-barreled shotgun are vacated.

2. An instruction to the jury to resume their deliberations, after the court properly refused to answer the jury's questions regarding factual matters, did not impermissibly foreclose the opportunity for the jury to review the trial testimony during their deliberations.

3. The trial court was not required to give a cautionary instruction, *sua sponte,* regarding the prosecutor's use of prior inconsistent statements of various witnesses where no such instruction was requested, no likelihood of prejudice has been demonstrated, and the prosecutor did not suggest that the prior statements could be used in a substantive manner.

4. The trial court's instructions did not lead the jury to

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 266, 269, 276, 279.
[2] 5 Am Jur 2d, Appeal and Error § 948.
   75 Am Jur 2d, Trial §§ 1011, 1015.
[3, 4] 81 Am Jur 2d, Witnesses § 596.
[4] 75 Am Jur 2d, Trial § 682.
   81 Am Jur 2d, Witnesses §§ 599, 631.
[5] 5 Am Jur 2d, Appeal and Error § 948.
   75 Am Jur 2d, Trial §§ 604, 624.
[6] 5 Am Jur 2d, Appeal and Error §§ 553, 623.
   75 Am Jur 2d, Trial §§ 623, 906, 909.

consider the testimony of the defendant any differently than that of the other witnesses.

Affirmed in part, reversed in part.

1. CRIMINAL LAW — DOUBLE JEOPARDY — SINGLE CRIMINAL ACT.

Multiple convictions of a defendant violate the prohibition against double jeopardy and will not be allowed to stand if, factually, the convictions are based on proof of a single act wherein the separate crimes consist only of a greater crime and certain of its lesser included offenses.

2. CRIMINAL LAW — JURY INSTRUCTIONS — REVIEW OF TESTIMONY.

An instruction to the jury which completely forecloses the opportunity for the jury to review trial testimony during deliberations is an abuse of discretion and requires reversal.

3. WITNESSES — PRIOR INCONSISTENT STATEMENTS — IMPEACHMENT.

The use at trial of prior inconsistent statements of a witness is limited to impeachment of the witness's testimony.

4. CRIMINAL LAW — JURY INSTRUCTIONS — WITNESSES — PRIOR INCONSISTENT STATEMENTS.

A trial court is not required to give a cautionary instruction, *sua sponte,* regarding a prosecutor's use of a witness's prior inconsistent statements where there is no demonstration or likelihood of prejudice and where neither the court nor the prosecutor has suggested to the jury that the prior inconsistent statements could be used as substantive evidence.

5. CRIMINAL LAW — JURY INSTRUCTIONS — TESTIMONY OF DEFENDANT.

The giving of a jury instruction which leads a jury to consider a defendant's testimony differently from that of any other witness may be held to be error requiring reversal.

6. CRIMINAL LAW — JURY INSTRUCTIONS — MANIFEST INJUSTICE.

A verdict will not be set aside on the basis of alleged error in the jury instructions where no objection was made at trial to the instructions unless the error would result in a miscarriage of justice; in determining whether a miscarriage of justice has occurred the Court of Appeals must review the instructions as a whole and be cognizant of whether the incorrect instruction pertains to a basic or controlling issue in the case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and S. EVERETT,* JJ.

D. C. RILEY, P.J. A feud between two neighboring families led to a shooting incident on January 5, 1980. As a result, defendant was charged in Count I with assault with intent to murder, MCL 750.83; MSA 28.278, in Count II with possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), and in Count III with possession of a short-barreled shotgun, MCL 750.224b; MSA 28.421(2). A jury found him guilty of the lesser included offense of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, as well as the offenses charged under Counts II and III. Defendant was sentenced to the mandatory two-year term required under Count II, to be followed by the concurrent terms of two months to ten years on the assault conviction and two months to five years under Count III.

Defendant below moved to quash either Count II or III arguing double-jeopardy considerations had been violated. US Const, Ams V, XIV; Const 1963, art 1, § 15. On appeal, defendant raises the double-jeopardy argument regarding Counts I and III.

In *People v Bouknight,* 106 Mich App 798, 802; 308 NW2d 703 (1981), Judge CAVANAGH wrote:

"The courts of this state have employed two tests in considering whether the guarantee against double jeop-

* Circuit judge, sitting on the Court of Appeals by assignment.

ardy has been violated because of 'double punishment'. The first test, commonly known as the *Blockburger* test, concentrates on the statutory elements of each crime. If, legally, each statutory provision requires proof of a fact which the other provision does not, there is no double jeopardy. *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). The second test looks to the factual proofs involved in the particular case. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). Under the second test, if the facts developed during trial indicate that the violation of one provision is not severable from a violation of the second provision, then the former blends into the latter so as to constitute one single wrongful act. This second test has been modified by the Supreme Court to provide that if the Legislature has manifested an intent to make the two offenses separate and distinct and has provided separate penalties there is no violation of double jeopardy. *Wayne County Prosecutor, supra."*

There is no *Blockburger* issue in this case. Therefore, the focus is on the factual proofs. *People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980).

On the information filed in the case at bar and, more importantly, on the trial evidence, defendant was tried on the premise that he fired a shotgun, thereby assaulting the complainant. The assault count was factually supported by proof of use of a shotgun. In order to assault the complainant in the manner alleged at trial, defendant must have possessed a shotgun. As stated in *Jankowski, supra,* 86:

"If, factually, the convictions * * * are based on proof of a single act, the separate crimes consist of nothing more than a greater crime and certain of its lesser

included offenses. If such is the case, the multiple convictions will not be allowed to stand."

In this case, the possession count is a lesser included cognate offense of assault with intent to do great bodily harm less than murder. Therefore, defendant's conviction on both counts violates the constitutional guarantee against double jeopardy.

Defendant's trial court motion alleged that the charges in Counts II and III violated double jeopardy. The factual proofs of felony-firearm in this case necessarily proved the charge of possession of a short-barreled shotgun in this case. Since the convictions are based on proof of a single act, the multiple convictions cannot be allowed to stand. *Id.*

The proper remedy in this case is to vacate the conviction and sentence on the charge of possession of a short-barreled shotgun and leave intact the convictions and sentences on the assault charge and the felony-firearm charge. We thus turn to defendant's remaining allegations of error as they apply to these convictions.

During deliberations, the jury sent a written request to the judge asking (1) how many times the gun was shot, and (2) was the shotgun reloaded? The trial judge did not answer these questions. Instead, he instructed the jury to resume deliberations and try to recall testimony collectively to see if they could answer these questions. There were no objections to this instruction. On appeal, the defendant claims that the court erred by refusing a reasonable request to review the evidence and that its answer to their questions foreclosed the jury from reviewing the trial testimony in the future.

The following colloquy took place:

"*The Court:* If I read your note correctly, the question is, we, the jurors would like to know how many times Mr. Bonner fired his weapon?

"*The Foreperson:* That's correct.

"*The Court:* And was the gun loaded?

"*The Foreperson:* Reloaded.

"*The Court:* Reloaded?

"*The Foreperson:* Yes."

The trial court then instructed the jury as follows:

"*The Court:* I can only suggest to you at this time, ladies and gentlemen, that it has only been yesterday since you have heard the testimony. I would appreciate it if you would put your collective recollections together of what the testimony was and see if you can't figure that out for yourselves. Please do that the very best you can."

The jury did not request to have the evidence read to them. Instead, the jury sought the answer to two factual questions which it would have been improper for the court to answer.

Defendant contends that the court's instructions completely foreclosed the jury from the opportunity to review the testimony at a later point. An instruction to the jury which completely forecloses the opportunity to review trial testimony during deliberation is an abuse of discretion and is reversible error. *People v Henry Smith,* 396 Mich 109, 110-111; 240 NW2d 202 (1976). We conclude that the judge never instructed the jury that they could not have the trial testimony read to them. Future review was not completely foreclosed to the jury; therefore, we find no reversible error attributable to the instruction given.

The trial court, according to defendant, reversi-

bly erred by failing to give *sua sponte* a cautionary instruction to the jury regarding the prosecutor's use of prior inconsistent statements in his closing argument.

The prosecutor, in closing argument, emphasized the inconsistencies between various witnesses' trial testimony and their statements to police. The use of prior inconsistent statements of a witness is limited at trial to impeachment purposes. *People v Williams,* 94 Mich App 406, 413; 288 NW2d 638 (1979). The prosecutor in this case did not use the prior inconsistent statements substantively nor did he suggest to the jury that the statements could be used in that manner.

The precise issue now raised was ruled on in *People v Paul Mathis,* 55 Mich App 694; 223 NW2d 310 (1974), *remanded on other grounds* 395 Mich 788 (1975), *on remand* 75 Mich App 320; 255 NW2d 214 (1977). The Court reexamined earlier Court of Appeals cases and stated:

"Where, as in the case at bar, there is no request for a limiting instruction, where there is no demonstration or likelihood of prejudice and where neither the court nor the prosecutor has suggested to the jury that the prior inconsistent statement could be used as substantive evidence, the trial judge's omission does not require a reversal." 55 Mich App 694, 697.

The defense counsel at trial did not request a limiting instruction. On appeal, defendant has not demonstrated a likelihood of prejudice. Therefore, the failure of the court to give the *sua sponte* instruction was not reversible error.

Defendant also claims error in the court's jury instruction. The trial court instructed the jury regarding conflicting testimony and how they

should evaluate defendant's testimony.[1] The following three sentences of instruction are quoted and labeled for the convenience of the following discussion.

S-1 "His [defendant's] testimony is to be scanned and treated the same as that of any other witness."

S-2 "If rational, natural and consistent, it may outweigh the testimony of other witnesses."

S-3 "If inconsistent with established facts, you may treat it the same as you would that of any other witness whose testimony is thus defective."

---

[1] The trial court instructed the jury as follows:

"In determining the credibility of a witness you may consider his conduct, manner and bearing on the witness stand; his interest in the outcome of the case; his opportunity to know and remember the events about which he testifies; his willingness to speak to the truth, and all the surrounding circumstances that show his willingness to testify to the truth; his reliability or unreliability; his apparent fairness or want of fairness; the fact of whether the witness has been corroborated or contradicted by other witnesses; the probability [or] improbability of the truth of the statements in view of all the other evidence and other facts and circumstances apparent in the trial.

"If there is a conflict in the testimony of witnesses, it is your responsibility as jurors to determine, if you can, what testimony you believe to be true. Consider the extent to which conflicting testimony is supported by other evidence and whether the conflict involves a matter of importance or merely some detail.

"If you conclude that one or more of the witnesses intentionally testified falsely about any fact which is necessary for your decision in this case, then for that reason alone you may, if you wish, disregard everything that the witness said. You may, however, believe that the witness testified falsely and intentionally in one respect but truthfully about other things. If that is the situation as you see it, then you may accept that part of his testimony which you believe to be truthful and you may reject that part which you believe to be false.

"The defendant has been a witness in this particular case as he had a right to be, and you have a right to weigh his testimony and give it such credit as you think it is fairly entitled to. You have a right to take into consideration in weighing the testimony his interest in the outcome of the trial. However, it is the duty of the jurors to give the defendant's testimony such weight as in view of all the facts and circumstances shown it shall appear to them to be entitled to. His interest is to be considered only so far as it affects his credibility. His testimony is to be scanned and treated the same as that of any other witness. If rational, natural and consistent, it may outweigh the testimony of other witnesses. If inconsistent with established facts, you may treat it the same as you would that of any other witness whose testimony is thus defective."

These exact instructions were approved in *People v Willett,* 105 Mich 110, 115; 62 NW 1115 (1895), and reaffirmed in *People v Williams,* 208 Mich 586, 593; 175 NW 187 (1919). Other Michigan courts have adopted the *Willett* instructions without S-3; however, no Michigan appellate court has expressly rejected that sentence. S-3 arguably causes some confusion. The standard Michigan Criminal Jury Instructions include the more precise instruction that "defendant has a right to take the stand and become a witness in his own behalf. It is your duty to consider his testimony by the same standards as you would that of any other witness who has appeared on the stand." CJI 3:1:07. This alternative instruction was given along with the *Willett* charges in this case.

Defendant contends that "the *Willett* instruction unduly restricts the role of defendant's testimony, interferes with the right to present a defense, shifts the burden of proof and denies the right to a jury trial". When a jury instruction leads a jury to consider a defendant's testimony differently from any other witnesses' testimony, the giving of such instruction may be reversible error. *People v Beck,* 96 Mich App 633, 637; 293 NW2d 657 (1980). However, where no objection is raised alleging error in jury instructions, the verdict will not be set aside unless the error results in a miscarriage of justice. *People v Trammell,* 70 Mich App 351, 354; 247 NW2d 311 (1976). The Court must review the instructions as a whole in determining if a miscarriage of justice has occurred and be cognizant of whether the incorrect instruction pertains to a basic or controlling issue in the case. *People v Sherman Hall,* 77 Mich App 456, 462; 258 NW2d 517 (1977). A reading of the entire jury charge in this case evidences no manifest injustice and,

therefore, the instruction as given does not result in reversible error.

Defendant's conviction for possession of a short-barreled shotgun is vacated and the other convictions are affirmed.

Affirmed in part; reversed in part.