a trial before one Justice Palmer, the defendant, while being examined as a witness, testified in answer to a specific question, that he had told Forshee that he had sworn to a lie and that he, (Forshee) could prove it from Bunce's docket.

*H.ld,* That the evidence was improperly admitted. Defendant's evidence elicited in the case before Palmer was so far privileged as to preclude plaintiff below in this case from using it as an admission of the slander imputed.

*Held, also,* That the objection to evidence of the defamatory words on the asserted ground that the declaration does not allege that they were spoken of and concerning the plaintiff, cannot prevail. The averment is not what the objection assumes it to be.

The judgment below must be reversed with costs and a new trial ordered.

---

THE PEOPLE *vs.* MICHAEL NOLAN, WM. ROGERS AND PETER NICAISE.

Burglary.—Entry through grating over an excavation adjoining a cellar window.

Error to the Recorder's Court of Detroit.

*Opinion by* CHRISTIANCY, J·—Defendants were tried in the Recorder's Court of Detroit upon an information charging them with having broken and entered the store or shop of one Murray, in the night time with intent, etc. · The evidence tended to prove the larceny in the store, and that the defendant entered in the night time through an area outside of the cellar which would seem to have been excavated adjoining the cellar window, and which was covered with an iron grating as is usual in such cases, the defendants raising the grating for that purpose, then passing through the window which was not shown to have been shut at the time, into the cellar and thence up a stairway through a trap door, which was shut, into the store. It was objected in the Court below, and this is the principal objection urged here, that this did not constitute a breaking within the meaning of Sec. 5756, *C. L.* ; but that the only breaking shown was an interior breaking of the trap door, after getting into the cellar, and that such interior breaking does not come within the provisions of this section, as it would in the case of a dwelling house at common law.

*Hel l,* That the area or excavation in front of the window covered and protected by the iron grating should properly be considered as part of the cellar, and the grating as part of the window. Therefore the taking up of the grating constitutes an exterior breaking as clearly as the opening of the window itself, or of an outer door