## ALBERT MOORE v. THE PEOPLE.

*Statutory burglary—Entry of store occupied as dwelling.*

The prisoner was charged with the statutory burglary of breaking and entering a store not adjoining to or occupied with a dwelling-house, with felonious intent. Under such a charge if it turns out that the store does adjoin or is occupied with a dwelling-house there can be no conviction.

The evidence showed that the store was the first story of a building; that the proprietors were a co-partnership, composed of two persons who leased the building; that one of the partners occupied the upper part of the building as a dwelling-house, and the other partner lodged with him. *Held*, that the evidence did not support the information. *People v. Nolan* 22 Mich. 229, distinguished.

Error to Gratiot. Submitted Jan. 25. Decided Jan. 26.

INFORMATION for statutory burglary. Respondent brings error. Reversed.

*E. H. Ashley* and *Newell Leonard* for plaintiff in error. There can be no conviction as for burglary committed in a store not adjoining or occupied as a dwelling, if the evidence shows that the store was so occupied: *People v. Taylor* 2 Mich. 250 ; *Koster v. People* 8 Mich. 431 ; *Pitcher v. People* 16 Mich. 142; *People v. Nolan* 22 Mich. 229 ; *Quinn v. People* 11 Hun 336 ; East's P. C. 506.

Attorney General *Jacob J. Van Riper* for the People.

COOLEY, J. The plaintiff in error stands convicted of a statutory burglary. The information charges that the plaintiff in error "on the thirteenth day of December, in the year 1880, about the hour of eleven o'clock in the night

time of said day, with force and arms at the village of Ithaca, in the county aforesaid, the store of Yesner & Netzorg, there situated and not adjoining to or occupied with a dwelling-house, feloniously did break and enter with intent, the goods and chattels of the said Yesner & Netzorg, in the said store then and there being found, then and there feloniously and burglariously to steal, take and carry away, and then and there in the said store one overcoat, etc., then and there being found, then and there feloniously and burglariously did steal, take and carry away," etc.

One of the essential ingredients in this offence is that the building broken and entered was "not adjoining to or occupied with a dwelling-house." If in this regard the case had been different, the offence would have been a different one under the statute.

The evidence showed that the property described in the information was taken from the store of the parties named. The record states that "the proof as to the store mentioned in the information as to its being not adjoining to or occupied with a dwelling-house is agreed to by counsel of the respective parties to be in substance as follows, to wit: That said building is situated on a business street in the village of Ithaca, Gratiot county, State of Michigan, and is two stories high; that said building is rented and occupied by Nymon E. Yesner and Woolf Netzorg under a single lease for the whole building; that the upper story is fitted up for a dwelling-house, having a kitchen, buttery, sitting-room, parlor, bed-rooms, etc., and is, and has been so occupied by them for the past two years; that Nymon E. Yesner was a married man and occupied the dwelling-house part aforesaid, and Woolf Netzorg boarded with him in the family; that the ground floor of said building is fitted up for a store and is used by them for that purpose, and has been so occupied and used by them for the same length of time that the dwelling-house part of said building has been occupied, and was so used and occupied by them on the night of the burglary charged in the information in this case.

" The proof shows that Nymon Yesner and Woolf Netzorg are a firm and have been doing a mercantile business under the firm name of Yesner & Netzorg, in said village, ever since and prior to their occupancy of said building; that there is·no direct communication between the store part and the dwelling part of said building by stairway or otherwise; that access to the dwelling-house portion of said building is gained by means of a stairway from the sidewalk in the post-office building, which adjoins said building on the west side of it, and also by means of a back stairway passing up to said dwelling on the lot (of said building) between the said store-room and said post-office."

It appears then that a part of the building in which the burglary is charged to have been committed was actually at the time occupied as a dwelling-house. The occupation was by one of the proprietors of the store, with the other as a lodger, and was under the same holding as that of the store itself. In these particulars the case differs from *People v. Nolan* 22 Mich. 229, which seems to have been relied upon by the prosecution.

The conviction was erroneous, and the judgment must be reversed. If the facts are correctly stated in this record, there can of course be no conviction on this information, but as we cannot order a discharge, the plaintiff in error will be remanded to the custody of the sheriff of Gratiot county.

The other Justices concurred.