The People v. Andrew Calderwood.

*Criminal law—Statutory burglary—Information.*

Respondent was informed against for breaking and entering a saloon "*not* adjoining to or occupied with a dwelling-house."

*Held,* that the evidence did not support the information, but shows the commission of another offense; hence respondent must be discharged.

Error to Berrien. (Smith, J.) Argued April 27, 1887. Decided May 5, 1887.

Respondent was convicted of the crime of statutory burglary. Conviction set aside and prisoner discharged. The facts are stated in the opinion.

*Spafford Tryon,* for respondent.

*Moses Taggart,* Attorney General, for the People.

CHAMPLIN, J.   Defendant was convicted of the statutory crime of burglary in breaking and entering a saloon of Thomas A. Walker, "not adjoining to or occupied with a dwelling-house."

Walker kept a hotel at Benton Harbor, and resided therein with his family. The building in which the saloon was which was entered, was situated about eight feet from the hotel building, which space was used as a passage-way between the buildings. The saloon was in the front part on the ground floor, and there was a front entrance thereto from the street. In the rear of the saloon was a water-closet, which was entered from the aforesaid passage-way, and there was also a door leading from the saloon into this water-closet. On the night in question this door was fastened. The water-closet was for the accommodation of the guests of the hotel, and of the patrons of the saloon.

The saloon building was two stories in height. The upper story was partitioned off into bedrooms, 12 in number. This story was connected with the second story of the hotel by a covered bridge or passage-way, and the bedrooms were used as sleeping-rooms in connection with the hotel. At the time of the burglary charged, a son of Mr. Walker, and also the bar-tender of the saloon, who was in the employment of Mr. Walker, were occupying these sleeping apartments over the saloon.

In the rear of these sleeping apartments were two closets used by and for the accommodation of the guests of the hotel. There was no stairway or means of communication between the saloon and the story over it, but the saloon was owned and occupied by Mr. Walker, the owner of the hotel.

This case is ruled by the case of *Moore v. People*, 47 Mich. 639.

The information was not supported by the evidence. The conviction was erroneous, and the judgment must be reversed. Under the facts of this case, the respondent should have been charged under another section of the statute; and, as there can be no conviction under the information as framed, there must be an order entered for the discharge of the prisoner.

The other Justices concurred.