## THE PEOPLE v. DANIEL GRIFFIN.

*Criminal law—Burglary—Felonious intent.*

1. In this case it is held that the facts stated in the opinion show the offense of burglary at the common law; that it cannot be said that the store room was *not* adjoining to, or connected with, a dwelling-house, and, had the offense been charged under How. Stat. § 9134, the respondent must have been acquitted under *Pitcher v. People*, 16 Mich. 142; *People v. Nolan*, 22 Id. 229; *Moore v. People*, 47 Id. 639; *People v. Calderwood*, 66 Id. 92.

2. Felonious intent is a question for the jury, to be inferred by them from all the facts and circumstances disclosed by the testimony.

3. In considering a statement made by the respondent, the whole statement must be received; but the credit due to it, and to each part of it, is for the jury, who may believe one portion and disbelieve another, and may give it such credit as they deem it worthy of.

Error to Wayne. (Gartner, J.) Submitted on briefs October 24, 1889. Decided November 8, 1889.

Respondent was convicted of burglary and sentenced to State prison for six years. Judgment affirmed. The facts are stated in the opinion.

*Edwin F. Conely,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *James V. D. Willcox,* Prosecuting Attorney, for the people.

CHAMPLIN, J. At the corner of Forest and Trumbull avenues in the city of Detroit, is the dwelling-house of Charles W. Griswold. On the first or ground floor there is a store, occupied by Griswold, extending from the front of the building on Trumbull avenue to the rear

thereof. Forest avenue lies along the side of this store. On the opposite side of the store from Forest avenue there is a dining-room and a kitchen. There is a passage-way from the rear part of the store to the kitchen by a door, and another door connects the kitchen with the dining-room. Over the store there are living and sleeping rooms. There are two stairways leading to the upper part of the house,—one from the kitchen and one from the dining-room. There is a cellar under the store, but not under the dining-room or kitchen. The cellar is connected with the store by a flight of stairs. There is a rear door to the store and to the kitchen. There are area windows in the Forest-avenue side of the cellar, covered with gratings made of wood. Mr. Griswold and family lived over the store.

The question of law presented by this record is whether a person who should in the night-time lift or remove the grating from the area, descend therein, break the area window, enter through it into the cellar, pass up the cellar stairs into the store-room, and from thence escape through the rear store door, which he unlocks for that purpose, is guilty of the crime of burglary in breaking and entering a dwelling-house, provided he did it with the felonious intent to commit the crime of larceny.

There is no doubt but the facts in this case show the offense of burglary at the common law. The breaking and entry was within the curtilage, and is embraced by the term "dwelling-house," occupied and used by the family for domestic purposes. It cannot be said that the store-room was not adjoining to, or connected with, a dwelling-house, and, had the offense been charged under How. Stat. § 9134, the defendant must have been acquitted under the following authorities: *People v. Nolan*, 22 Mich. 229; *Moore v. People*, 47 Id. 639 (11 N. W. Rep.

415); *People v. Calderwood,* 66 Id. 92 (33 N. W. Rep. 23). See, also, *Pitcher v. People,* 16 Id. 142.

The felonious intent was a question of fact for the jury, to be inferred by them from all the facts and circumstances disclosed by the testimony.

Counsel for defendant requested the court to instruct the jury that—

"The alleged statement of the defendant that he fell into the cellar is no evidence of the breaking or entering, or of the felonious intent charged; hence, if considered by the jury, must be taken as the defendant is claimed to have made it only."

The court instructed the jury that—

"The statement of the defendant that he fell into the cellar is no evidence of the breaking and entering, or of the felonious intent charged;"—

And he went on to say:

"Standing by itself, it is no evidence of the breaking and entering; but I will further say that you have the right, if you determine that to be a fact,—that is, if you should determine that such a statement was made,— you will have a right to consider that in connection with all the other evidence in the case. It is the same as the rule of law that, if a person is caught fleeing from a place where a crime was committed, the jury may consider that fact, if so found, and may consider it with the other evidence in the case. It is a proper matter for the jury to consider. This statement, standing by itself, would not be sufficient, but you have a right to consider it, as I said, with all the other evidence in the case."

There was no error to refuse to charge that if the statement was considered it must be taken as the defendant is claimed to have made it *only.* The whole statement must be received; but the credit due to it, and to each part of it, must be determined by the jury, who may believe one portion of it and disbelieve another.

They may give it such credit as they deem it worthy of. The charge was not open to objection.

There is no error in the record, and the judgment is affirmed.

The other Justices concurred.