## THE PEOPLE v. MICHAEL SHAUGHNESSY.

*Burglary—Dwelling-house—Curtilage—Question of fact.*

Respondent was convicted of breaking and entering a store not adjoining to or occupied with a dwelling-house, which question the court left to the jury to determine, and his action is sustained, the case being substantially ruled by *People v. Nolan*, 22 Mich. 229.

Error to recorder's court of Detroit. (Chambers, J.) Argued November 12, 1891. Decided December 21, 1891.

Information for burglary. Conviction affirmed. The facts are stated in the opinion.

*Joseph R. Nolan*, for respondent.

*A. A. Ellis*, Attorney General, and *S. W. Burroughs*, Prosecuting Attorney, for the people.

GRANT, J. Respondent was convicted of breaking and entering the store of one Joseph Wolf, not adjoining to or occupied with a dwelling-house. The information was filed under How. Stat. § 9134. The form of the information was the same as in *People v. Nolan*, 22 Mich. 229.

Wolf's store fronted on Michigan avenue, in the city of Detroit. It was a one story structure, divided near the back end by a permanent partition. In the partition was a door leading into the rear part of the building, fastened on the store side by a bolt, and on the opposite side by a lock and key. The rear part was occupied as a dwelling-house by two women. This rear part was divided into a bedroom and general living room. In the partition, and leading into the bedroom, was a hole about three feet square, but which was covered by boards fastened over the hole, to the partition, by screws, and papered over. Wolf rented the whole building, and subrented the rear part to these women. They, on the night of the commission of the burglary, were absent from their apartments. The respondent and others effected an entrance into the part occupied by these women, tore off the boards and paper over the hole, entered the store, turned the bolt, and tore off the lock.

I find nothing in the record to distinguish this case from that of *People v. Nolan, supra,* except the testimony tending to show that two or three times the women had permitted Mr. Wolf to pass through their apartments to get some coal he kept in the rear; and also that he had permitted the women, when the weather, was wet, and during business hours, to pass through his store into their apartments, thus saving them a trip through the muddy alley in the rear, which was their customary way of ingress and egress. None of these privileges were granted in the lease given by Wolf to these women. Wolf did not sleep nor take his meals in the place, but boarded and lived in another part of the city. Respondent gave evidence tending to show more frequent passing from the store into this dwelling in the rear than the witnesses on behalf of the people had admitted.

The court left it to the jury to determine whether this

store was adjoining to or occupied with a dwelling or not. It was urged in the court below, and is now urged here, that this was a question of law for the court, and not a question of fact for the jury, and that the court should have directed a verdict for the respondent. Were it a question of law, I think the court should have decided in favor of the people upon the authority of *People v. Nolan, supra.* In that case, could it have made any difference that the door leading from the hallway to Murray's store had been used by consent of the parties a few times as a passage-way? I think not. The use, in such a case, of a passage-way, might become so frequent as to make the store one adjoining to or occupied as a dwelling. Under such circumstances, it becomes a question of fact, and not of law.

I find no error upon the record, and the conviction is affirmed.

The other Justices concurred.