### THE PEOPLE v. WILLIAM SMITH.

*Burglary—Evidence—Question for jury—Instructions.*

The questions raised in this case, that the testimony shows that the store which was broken into and entered was adjoining to and occupied with a dwelling-house, and that the court failed to instruct the jury that the respondent was presumed to be innocent until proven guilty, are ruled by *People v. Shaughnessy*, 89 Mich. 130, and by *People v. Graney*, 91 Id. 646.

Error to the recorder's court of Detroit. (Chambers, J.) Submitted on briefs May 6, 1892. Decided May 20, 1892.

Respondent was convicted of the crime of burglary, and sentenced to imprisonment in the Detroit House of Correction for five years. Judgment affirmed. The facts are stated in the opinion in *People v. Shaughnessy*, 89 Mich. 130.

*Joseph R. Nolan*, for respondent.

*A. A. Ellis*, Attorney General, and *Samuel W. Burroughs*, Prosecuting Attorney, for the people.

LONG, J. The respondent was informed against in the same information with Michael Shaughnessy and Edward Bailey. He was tried in the recorder's court of the city of Detroit before a jury, convicted, and sentenced to the Detroit House of Correction for the term of five years. The facts are so fully set forth in *People v. Shaughnessy*, 89 Mich. 130, that it is unnecessary to state them here. The respondent contends:

1. That there was no evidence in the present case showing that the breaking into the store was in the night-time, and with intent to commit a felony.

2. That the testimony shows that the store which was broken into and entered was adjoining to and occupied with a dwelling-house.

3. That the court erred in not charging the jury that the respondent was presumed to be innocent until proven guilty.

The respondent offered no testimony in his own behalf.

We think there was some testimony to go to the jury tending to show that the store was entered in the night-time, and that it was entered with intent to commit larceny.

The second point is ruled by *People v. Shaughnessy, supra.*

The third point is ruled by *People v. Graney*, 91 Mich. 646.

The conviction is affirmed.

MORSE, C. J., GRANT and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.