PEOPLE *v.* WILLIAMS.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—REASONABLE DOUBT.
   In a prosecution for having sexual intercourse with a female by representing it to be beneficial to her health, while undertaking to treat her medically, in violation of 3 Comp. Laws 1915, § 15505, the charge of the court to the jury that if they believed that the complaining witness consented, as testified to by the defendant, then he should be acquitted, was not open to the objection that the court failed to instruct, in connection therewith, the effect of said testimony in raising a reasonable doubt, where the court fully instructed them, in another part of the charge, as to reasonable doubt, defining the same.

2. SAME—CHARGE AS WHOLE.
   The correctness of the charge cannot be tested by taking particular parts, but must be taken as a whole.

3. SAME—INSTRUCTIONS—INFERENCES FROM FACTS.
   The charge of the court to the jury that they were the sole judges of the facts, and it was for them to determine who was telling the truth, and what inferences should be drawn from the testimony, was not open to the objection that it was too indefinite and uncertain and gave the jury

to understand that they were not limited in their inferences as to facts.

4. SAME—INSTRUCTIONS—DEFENDANT'S INTEREST.

In the absence of any request to charge differently, it was not reversible error, as unduly emphasizing his interest, for the trial court to . charge the jury that they should give defendant's testimony the same consideration as the testimony of any other witness, except that they might consider his interest in the outcome of the case.

5. SAME—INSTRUCTIONS — PRESUMPTION OF INNOCENCE — REASONABLE DOUBT.

Failure to instruct the jury, in a criminal case, as to the presumption of innocence, is not reversible error, where the attention of the court was not called to the omission, and the charge as given was explicit and to the effect that the guilt of the accused must be proved beyond a reasonable doubt.

6. SAME—APPEAL AND ERROR—MISCARRIAGE OF JUSTICE.

Where it cannot be said that omission to charge as to the presumption of innocence resulted in a miscarriage of justice, in view of Act No. 89, Pub. Acts 1915, the case should not be reversed therefor.

Error to recorder's court of Detroit; Jeffries (Edward J.), J. Submitted October 16, 1919. (Docket No. 109.) Decided December 23, 1919.

Oscar H. Williams was convicted of violating section 15505, 3 Comp. Laws 1915, and sentenced to imprisonment for not less than 5 nor more than 10 years in the State prison at Jackson. Affirmed.

*A. O. Reece,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Matthew H. Bishop,* Prosecuting Attorney, and *Herman H. Greenberg,* Assistant Prosecuting Attorney, for the people.

STONE, J. The defendant was convicted in the recorder's court for the city of Detroit of a violation of

section 15505, 3 Comp. Laws 1915, which statute provides:

"That if any person shall undertake to medically treat any female person, and while so treating her, shall represent to such female that it is, or will be, necessary or beneficial to her health that she have sexual intercourse with a man, and shall thereby induce her to have carnal sexual intercourse with any man, or if any man, not being the husband of such female, shall have sexual intercourse with her by reason of such representation, the person or persons so offending shall, on conviction thereof, be punished by imprisonment in the State prison for any term of years not exceeding ten years."

Upon his conviction the defendant was sentenced to imprisonment in the State prison at Jackson, where he is now confined. He has brought the case here by writ of error. As the only errors assigned relate to the charge of the court, we here quote the substance of the charge, as follows:

"The statute of this State provides a punishment for any person who shall undertake to medically treat any female person and while so treating her shall represent to such female that it is, or it will be, necessary or beneficial to her health that she have sexual intercourse with a man and shall thereby induce her to have carnal sexual intercourse with any man, or if any man, not being the husband of such female, shall have sexual intercourse with her by reason of such representation, the person or persons so offending shall be—and so forth. And this information, gentlemen of the jury, is drawn under this section of the statute.

"You are the sole judges of the facts. It is for you to determine who is telling the truth and what inferences shall be drawn from the testimony.

"The defendant has taken the stand in his own behalf and you are to give his testimony the same consideration as the testimony of any other witness, except in so far as you may inquire into his motives or any interest he may have in the outcome of the trial.

"The issue, gentlemen of the jury, here is whether the act of intercourse was done under the inducement of the defendant, and if you believe it was done under the inducement of the defendant by reason of offering or holding out to treat the complaining witness medically for bodily ill and that she consented to the act of intercourse under the belief that it was for her health, then, gentlemen of the jury, if you believe that, and believe it beyond a reasonable doubt, it is your duty to convict this defendant.

"If you believe, however, that this complaining witness consented to it, as testified to by defendant, then your duty is to acquit this defendant.

"That is the sole issue, gentlemen of the jury, in this case, as to whether the act of intercourse was induced by the offer of medical treatment or as a process of treatment for the health of the complaining witness, or whether it was done by the consent and knowledge of the complainant and not for her health. That is all there is to this case, gentlemen of the jury; that one issue.

"Now, the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and a reasonable doubt is not a vain, possible, imaginary or captious doubt, but a fair doubt founded on reason and common sense, growing out of the evidence or lack of evidence in the case. It is such a doubt that, after a careful review of all the testimony, you cannot say you have an abiding conviction to a moral certainty of the defendant's guilt. If you have, give him the benefit of it and acquit him. If not, you may convict him of the charge in the information."

There were no requests to charge by defendant's counsel. The errors assigned are as follows:

"(1) That the court erred in charging the jury as follows: 'If you believe, however, that this complaining witness consented to it as testified to by defendant, then your duty is to acquit this defendant,' and in failing to instruct said jury that if this testimony of said defendant raised a reasonable doubt in the minds of said jury as to defendant's guilt, he, defendant, should be given the benefit of the doubt and should be acquitted.

"(2) That the court erred in charging said jury as follows: 'It is for you to determine who is telling the truth and what inferences shall be drawn from the testimony,' for the reason that such instruction was too indefinite and uncertain and gave the jury to understand that they might draw inferences and guess at the facts without limit, whereas they should have been confined to such proper inferences as might properly be drawn from facts established as evidence in the case beyond all reasonable doubt.

"(3) That the court erred in charging the jury as follows: 'The defendant has taken the stand in his own behalf and you are to give his testimony the same consideration as the testimony of any other witness, except in so far as you may inquire into his motives or any interest he may have in the outcome of the trial,' for the reason that it establishes a different mode, method and rules for the jury to weigh the testimony of the defendant from other witnesses in the case as to the motives or interest of such witness.

"(4) That the court erred in failing to instruct the jury that the burden of proof was upon the people to establish every element of the offense beyond a reasonable doubt and that such burden remained upon the people throughout the trial, and until the evidence satisfied the jury beyond all reasonable doubt of respondent's guilt."

1. Criticizing the language of the charge here quoted, defendant's counsel says:

"In order for the jury to have been justified in acquitting respondent, it was not necessary that they must believe his testimony in reference to her consenting to the act, but they should have been instructed that if his testimony and claim that the act of intercourse was the result of her free will and desire, and not of any alleged misrepresentation on his part as to her health, created in their minds a reasonable doubt (not an absolute belief) they should acquit respondent."

Counsel cites *People* v. *White*, 194 Mich. at p. 175, and *People* v. *Prinz*, 148 Mich. at p. 308, and quotes from the last-cited case the following:

"It is doubtless true that the trial judge should, even though no requests be preferred, cover the general features of the case, define the offense, and indicate what it is essential to prove to establish the offense."

Counsel also quotes from 1 Wharton's Crim. Ev. (10th Ed.), p. 660, the following:

"A reasonable doubt as to any essential element of the crime, or of the proof of any essential fact, must always be resolved in favor of the defendant."

Other authorities are cited, including *People* v. *Cismadija*, 167 Mich. at p. 215, where the charge erroneously placed the burden of proof upon defendant, to convince the jury beyond a reasonable doubt that he did not premeditate the crime. We do not think that the part of the charge here complained of is open to the criticism made. This court has repeatedly held that we must take the whole charge together in construing it, and that its correctness cannot be tested by taking particular parts thereof. *People* v. *Finley*, 38 Mich. 482, 486; *People* v. *Howard*, 50 Mich. 239, 246; *People* v. *Brown*, 53 Mich. 531, 536. In the last-cited case, in speaking of the charge, we said:

"We do not think, however, that it is quite fair to select out single passages and deal with them as if they were independent."

Turning to the charge in the instant case, we find that the part of the charge complained of was not misleading or erroneous, in itself. In another part thereof the trial court instructed the jury fully that the defendant was presumed to be innocent until proven guilty beyond a reasonable doubt, and defined such doubt, and concluded as follows:

"It is such a doubt that, after a careful review of all the testimony, you cannot say you have an abiding conviction to a moral certainty of the defendant's guilt."

We cannot conceive that there was any likelihood of the jury being led to a wrong conclusion by the charge concerning the question of reasonable doubt, or burden of proof.

2 and 3. The second and third assignments of error are discussed together by counsel. Of the second counsel says it was certainly too indefinite and uncertain, and placed no limit or bounds upon the jury in drawing inferences as to facts; and it is argued that the jury can only draw proper inferences from proven facts—a proposition with which we agree.

The language of Chief Justice CAMPBELL in *People* v. *Finley*, 38 Mich. at p. 486, is pertinent here, viz.:

"A jury knows without instruction that it has a right to consider any testimony which has been allowed to go before it, and to draw such inferences as naturally are drawn by each one of the body. When a court calls attention to bits of evidence, or to particular witnesses, more than others, there is some danger that undue prominence will be given to what is so designated. It is at least quite as safe to avoid this practice, unless circumstances appear to require it."

It is very apparent that the language used by the trial court limited any inference the jury might draw to the facts and testimony presented to them upon the trial. The language used was as follows:

"You are the sole judges of the facts. It is for you to determine who is telling the truth, and what inferences shall be drawn from the testimony."

We find no error in this part of the charge, and think that the jury could not have been misled by it.

It is urged that the instruction complained of in the third assignment of error was unfair and prejudicial to the defendant, in that it unduly emphasized his interest in the case, and in its outcome; and the following cases are cited: *People* v. *Willett*, 105 Mich. 110, 115; *People* v. *McArron*, 121 Mich. 1, 41.

In the *Willett Case* this court approved of an instruction in the following form:

"In the beneficence of our modern statutes, in this State, one on trial for a crime is allowed to testify under oath in his own behalf. His interest in the result of the trial, that would formerly preclude his so testifying, now has not that effect, and it is the duty of the jurors, where this is done, to give his testimony such weight as, in view of all the facts and circumstances shown, it shall appear to them to be entitled to. His interest is to be considered only so far as it affects his credit. His testimony is to be scanned and tested the same as that of other witnesses. If rational, natural, and consistent, it may outweigh the testimony of other witnesses. If inconsistent with established facts, or with his prior statements, you will treat it the same as you would that of any other witness whose testimony is thus defective."

In the *McArron Case* a request to charge was refused, which read as follows:

"The defendant, under our statute, is allowed to testify under oath in his own behalf, and it is the duty of the jurors, where he has done so, to give his testimony such weight as, in view of the facts and circumstances shown, it shall appear to them to be entitled to. His testimony is to be tested the same as that of other witnesses. If rational, natural, and consistent, it may outweigh the testimony of other witnesses."

It was held in that case that the refusal to instruct as requested was error. It will be noted that in the *McArron Case* the question raised was on the refusal of the court to charge as requested; whereas in the instant case the trial court charged the jury upon the question, there being no request to charge. We cannot say that the charge as given by the trial court was erroneous. That a defendant, in a criminal case, has an interest in the outcome of the trial goes without saying. While the charge might well have been more

208—Mich.—38.

elaborate upon this proposition, in the absence of any request to charge upon the subject, we do not think there was any reversible error. The charge as given did not establish a different mode, method and rule for the jury to weigh the testimony of the defendant from that of other witnesses in the case. They were told that they should give his testimony the same consideration as the testimony of any other witness, except that they might consider his interest in the outcome of the case.

4. Upon the question of the burden of proof, defendant's counsel says:

"If the instructions as to defendant's rights had been clear and correct, the trial court's failure in respect to the burden of proof might not have been harmful";

But it is urged that under the circumstances of the case it became important that the court should inform the jury that the burden of proof of each element of the offense was upon the people, and each element should be established beyond all reasonable doubt, and that a failure on the part of the people to establish either of the elements, beyond a reasonable doubt, entitled defendant to acquittal. We have already spoken upon the subject of the presumption of innocence. The questions with reference to burden of proof and presumption of innocence are closely allied and have been frequently discussed by this court. *People* v. *Graney*, 91 Mich. 646.

In *People* v. *Ostrander*, 110 Mich. 60, it was held that failure to instruct the jury in a criminal case as to the presumption of innocence is not reversible error where the attention of the court was not called to the omission, and the charge as given was explicit and to the effect that the guilt of the accused must be proved beyond a reasonable doubt; and *People* v. *Graney*, *supra*, and *People* v. *Smith*, 92 Mich. 10, were cited.

See *People* v. *Yund,* 163 Mich. 504, and *People* v. *Rogulski,* 181 Mich. 481, where allusion is made to the duty of counsel to call the court's attention to the subject, by request to charge.

The charge of the court would doubtless have been more elaborate on the question of burden of proof had its attention been called to the subject by counsel. We cannot say that this omission in the charge has in this case resulted in a miscarriage of justice; and, in view of Act No. 89, Pub. Acts 1915 (3 Comp. Laws 1915, § 14565), the case should not be reversed for such failure to more fully charge upon the subject. *People* v. *Smolkiewicz,* 206 Mich. 1.

Judgment of the recorder's court is therefore affirmed.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.