PEOPLE *v.* GREEN.

1. Intoxicating Liquors—Trial—Instructions.

In a prosecution for an illegal sale of intoxicating liquor, where a witness had testified that he purchased a quart of moonshine whisky from defendant in a certain house on a certain date, and officers had testified that they accompanied the witness on the occasion in question and

that they searched him before he entered the house and he had no liquor on his person, and that he had the bottle when he came out, an instruction by the trial court that the important question was whether witness obtained the liquor in said house, is not reversible error, where it was followed by further instruction from which the jury must have understood that they must find that defendant furnished the liquor before they could convict him.[1]

2. CRIMINAL LAW—TRIAL—INSTRUCTIONS—PROVINCE OF JURY.

Although the trial judge did specifically allude to the claims of the parties in his charge to the jury where he stated that he was not indicating what they should find, but that he was merely pointing out the line of inquiry along which they might properly proceed, and that it was for them to say whether defendant was guilty or not, the charge as a whole is not open to the objection that it invaded the province of the jury.[2]

3. SAME—WITNESSES — INSTRUCTIONS — DEFENDANT'S INTEREST IN OUTCOME TO BE CONSIDERED.

An instruction that defendant had a right to testify, and that the jury should consider such testimony along with all the other, but that they had a right to inquire whether his interest in the outcome of the case would cause him to make any misstatements, *held*, to correctly state the applicable law.[3]

Exceptions before judgment from Grand Traverse; Gilbert (Parm C.), J.     Submitted April 16, 1925. (Docket No. 118.)     Decided May 14, 1925.

Wallie Green was convicted of violating the liquor law.     Affirmed.

*Thomas D. Meggison*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *John J. Tweddle*, Prosecuting Attorney, for the people.

SHARPE, J.     Defendant reviews his conviction, on

[1]Intoxicating Liquors, 33 C. J. § 547; [2]Criminal Law, 16 C. J. § 2311; [3]Id., 16 C. J. § 2444.

a charge of violating the prohibition law, on exceptions before sentence. The information charged him with having sold one quart of moonshine whisky to one Alfred C. Robertson. Robertson testified that he went to what is spoken of as the Fairbanks house in Traverse City about 9 o'clock in the evening of November 5th last, and purchased a bottle of whisky from the defendant, paying him $2 therefor. The defendant denied that he had sold any liquor to Robertson. Three others in the house at the time testified that they saw no liquor delivered. They all admit that Robertson asked Green for whisky. Two detectives who accompanied Robertson testified that they searched him before he went in and he had no liquor on his person, and that he had the bottle when he came out.

1. It is claimed that the court submitted to the jury the question as to whether Robertson obtained liquor in the house instead of: "Did the respondent, Wallie Green, so sell, give or furnish the said liquor?" It is true that the court said to the jury: "The important question is: Did he obtain that liquor in that house that night?" This was, however, soon after followed with:

"Now, the line of inquiry for you to follow would be substantially this: Did this witness, Robertson, have any liquor upon his person when he went into the house? Then inquire the answer from the testimony. Did he have his package of liquor when he came out of the house? And then apply all the facts, including the answer to these inquiries and this question: Did this man Green furnish Robertson with that liquor? Just apply your good reason and common sense to it."

There can be no question but that the jury understood that they must find that defendant furnished the liquor to Robertson before they could convict him.

2. It is urged that the court invaded "the province

of the jury in directing them on questions of fact which were in sharp dispute." In our opinion, the charge taken as a whole is not subject to criticism in this respect. The court did specifically allude to the claims of the parties, but after doing so he said to the jury:

"That is not saying you are to find him guilty unless you are so satisfied. I am not trying to indicate to you what you should find. I am just pointing out to you the line of inquiry along which you may properly proceed, then it is for you to say whether he is guilty or not."

3. It is said that the court erred—

"By emphasizing in his charge that the respondent by reason of interest might not tell the truth."

This is based on the part of the charge reading as follows:

"The defendant has testified in this case. He had a right to do that. You will consider his testimony along with all the other testimony in the case, for just what you think it is worth. You have a right to inquire whether his interest in the outcome of this case would cause him to make any misstatements. You will also apply that to the testimony of any other witnesses. Consider whether such witness or witnesses would or did testify wrongfully by reason of interest in this issue or its outcome."

This but stated the law as it has many times been laid down by this court. *People* v. *Williams*, 208 Mich. 586.

The exceptions are overruled. The cause will be remanded and the trial court directed to proceed to sentence.

McDonald, C. J., and Clark, Bird, Moore, Steere, Fellows, and Wiest, JJ., concurred.