PEOPLE v BECK

Docket No. 78-5384. Submitted January 8, 1980, at Detroit.—Decided April 3, 1980.

Defendant, Oscar Beck, Jr., was convicted of armed robbery and felony-firearm in the Recorder's Court of Detroit, Thomas L. Poindexter, J. At trial, the prosecutor elicited the statement from defendant that he had never possessed a blue steel automatic pistol. After both sides had rested, the prosecutor was allowed to recall one of defendant's witnesses to "rebut" the denial by testimony that defendant had threatened her with a blue steel automatic pistol four days after the robbery. Defendant appeals. *Held:*

1. Rebuttal is limited to the refutation of relevant and material evidence, hence, evidence bearing on an issue properly raised in a case. The device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue and both the statement and the veracity of the witness are then collateral matters and the cross-examiner is bound by the response.

2. A jury instruction which states "the defendant has a right to take the stand and become a witness in his own behalf and it is your duty to consider his testimony by the same standards as you would that of any other witness who has appeared on the stand; however, you must take into account the fact that he is the defendant and has an interest in the outcome of the case" is improper for the reason that it may lead the jury to consider the defendant's testimony differently from that of any other witness regardless of the circumstances.

Reversed and remanded.

CYNAR, J., dissented. He would hold that the evidence of defendant's guilt was overwhelming and any error in introduc-

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 250, 269.
[2] 81 Am Jur 2d, Witnesses §§ 473-476, 520, 612, 613.
[3] 75 Am Jur 2d, Trial § 687.
[4] 5 Am Jur 2d, Appeal and Error §§ 797, 798. 29 Am Jur 2d, Evidence § 250.

ing the evidence regarding the pistol was harmless. He would affirm.

OPINION OF THE COURT

1. EVIDENCE — REBUTTAL.

   Rebuttal is limited to the refutation of relevant and material evidence, hence, evidence bearing on an issue properly raised in a case.

2. WITNESSES — DENIAL — COLLATERAL MATTERS — CROSS-EXAMINATION.

   The device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue and both the statement and the veracity of the witness are then collateral matters and the cross-examiner is bound by the response.

3. CRIMINAL LAW — INSTRUCTIONS TO JURY — WITNESSES — DEFENDANT AS A WITNESS.

   A jury instruction which states "the defendant has a right to take the stand and become a witness in his own behalf and it is your duty to consider his testimony by the same standards as you would that of any other witness who has appeared on the stand; however, you must take into account the fact that he is the defendant and has an interest in the outcome of the case" is improper for the reason that it may lead the jury to consider the defendant's testimony differently from that of any other witness regardless of the circumstances.

DISSENT BY CYNAR, J.

4. CRIMINAL LAW — EVIDENCE — REBUTTAL TESTIMONY — CASE IN CHIEF — PREJUDICIAL ERROR.

   *The introduction of evidence in rebuttal, which properly belongs in the prosecution's case in chief, is not an error which is regarded as prejudicial where the evidence of defendant's guilt was overwhelming.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Arthur Jay Weiss,* for defendant.

Before: R. M. MAHER, P.J., and M. F. CAVANAGH
and CYNAR, JJ.

PER CURIAM. Defendant was tried by a jury and
found guilty of armed robbery, MCL 750.529; MSA
28.797, and possession of a firearm while in the
commission of a felony, MCL 750.227b; MSA
28.424(2). He was sentenced to a term of 2 to 15
years for the robbery, plus a consecutive two years
for the felony-firearm offense and appeals by right.

We have reviewed the arguments raised on ap-
peal by defendant and conclude that one of them
requires reversal. The remaining five issues, with
the exception of one, do not require discussion.

The error occurred when, after both parties had
rested their respective cases, the trial court al-
lowed one of defendant's witnesses to be recalled
as a rebuttal witness. Previously, during the pre-
sentation of the defendant's case, the prosecutor
had reserved the right to recall this witness, Ms.
Clark, at a later time. Also, during the cross-exam-
ination of defendant, the prosecutor elicited the
statement from defendant that he had never pos-
sessed a blue steel automatic pistol. When Ms.
Clark was recalled ostensibly for rebuttal pur-
poses, she testified that defendant had threatened
her with a pistol following an argument some four
days after the robbery in issue had occurred. It is
apparent from the prosecutor's "rebuttal" exami-
nation that Ms. Clark had previously reported to
the police that defendant had threatened her with
a blue steel automatic pistol, the same type of
pistol purportedly employed in the robbery.

The trial court was in error in admitting this
evidence as rebuttal evidence, since, "[r]ebuttal is
limited to the refutation of relevant and material
evidence—hence evidence bearing on an issue
properly raised in a case". *People v Bennett,* 393

Mich 445, 449; 224 NW2d 840 (1975). That opinion went on to state that, "[t]he device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue". *Bennett, supra,* 449. The circumstances in the case now under consideration are slightly different than those in *Bennett,* inasmuch as we are concerned with the denial of an action rather than a statement. But, in both instances, elicitation of the denial subjected the defendant to an improper and unfair order in the presentation of the people's proofs. *People v Meadows,* 80 Mich App 680, 686; 263 NW2d 903 (1977).

In this case it is readily apparent that the prosecutor "saved" this evidence until the defendant had rested in an attempt to guarantee its maximum effect upon the jury as shown by his reference in closing argument to the "piece de resistance" which this testimony of Ms. Clark represented. If admissible at all, this evidence should have been pursued when Ms. Clark initially testified or presented in the people's case in chief. *People v Kraai,* 92 Mich App 398, 410; 285 NW2d 309 (1979), *lv den* 407 Mich 954 (1980).

The prosecution also sought to justify the admission of this evidence as proper impeachment evidence bearing on defendant's credibility. The record discloses, however, that defense counsel correctly argued that once the prosecutor received defendant's negative response, the matter became collateral and it was erroneous to introduce new evidence pertaining thereto. *People v McGillen #1,* 392 Mich 251, 266-267; 220 NW2d 677 (1974). We further find that, due to the importance of the credibility of the witnesses in this case and the prosecution's deliberate tactic of injecting this evidence just prior to jury deliberations, this error

cannot be classified as harmless. *People v Meadows, supra,* 686-687.

Finally, defendant objects for the first time to the following jury instruction:

"The defendant took the stand and testified. The defendant has a right to take the stand and become a witness in his own behalf and it is your duty to consider his testimony by the same standards as you would that of any other witness who has appeared on the stand; however, you must take into account the fact that he is the defendant and has an interest in the outcome of the case."

Language similar to this was approved by this Court in *People v Nash,* 61 Mich App 708, 715; 233 NW2d 153 (1975). However, we take this opportunity to note that the instruction approved in *Nash* digresses from the instructions approved in the cited case of *People v Williams,* 208 Mich 586, 593; 175 NW2d 187 (1919). In our opinion, the language of the precedents more fairly instructs the jury to weigh a defendant's testimony, *in view of all the facts and circumstances shown,* to the extent that the jury finds it is appropriate. The instant instruction, as well as that in *Nash,* does not similarly qualify the directive to the jury, and we disapprove of it for the reason that it may lead a jury to consider a defendant's testimony differently from that of any other witness regardless of the circumstances. *People v Williams, supra,* 594.

Reversed and remanded.

CYNAR, J. *(dissenting).* I respectfully dissent.

I feel that any error caused by the admission of the rebuttal testimony was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt adduced at trial. *People v Mead-*

ows, 80 Mich App 680, 686-687; 263 NW2d 903 (1977). I would not find the introduction of the evidence relating to the blue steel revolver so offensive to the maintenance of a sound judicial system that it amounted to per se reversible error. Accordingly, I would affirm defendant's conviction.