PEOPLE v DOSS

Docket No. 30350. Submitted June 24, 1980, at Detroit.—Decided
    September 3, 1980. Leave to appeal applied for.

    Edward Doss was convicted of armed robbery, Wayne Circuit
    Court, Roland L. Olzark, J. Defendant appeals, alleging that
    the trial court erred in denying an adjournment which defense
    counsel requested in order to obtain a transcript of the first
    trial, in permitting unindorsed prosecution witnesses to testify
    in rebuttal, and in coercing a jury verdict. *Held:*

        1. There was no abuse of discretion in the denial of an
    adjournment. Defense counsel's request for a transcript was
    tardy and there was no showing that the defendant was preju-
    diced by the lack of a transcript.

        2. The prosecutor sought to indorse two witnesses at the close
    of his proofs. The request was denied. After the defendant
    testified to his absence from the scene of the crime the wit-
    nesses were allowed to testify that they had seen the defendant
    leave the scene of the crime. This was proper rebuttal, and, in
    this case, admission of the testimony was not a cause for
    reversal.

        3. The trial court's instruction which informed the jury that
    they should listen to each other with open minds and that their
    verdict should be unanimous was not coercive.

        Affirmed.

1. TRIAL — CRIMINAL LAW — ADJOURNMENT — JUDGE'S DISCRETION.
    A request for an adjournment is addressed to the sound discretion
        of the trial court and the trial court's determination will not be
        reversed unless there was an abuse of discretion.

2. TRIAL — CRIMINAL LAW — ADJOURNMENT.
    Factors to be considered by a trial court when faced with a

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance § 3.
[2] 17 Am Jur 2d, Continuance §§ 5 *et seq.,* 43 *et seq.*
[3] 29 Am Jur 2d, Evidence §§ 250, 269.
[4] 75 Am Jur 2d, Trial § 884.
    76 Am Jur 2d, Trial §§ 1059-1061.

defendant's request for an adjournment are: (1) the origin and nature of the right asserted; (2) the defendant's reasons for asserting the right; (3) the defendant's negligence or untimely assertion of the right; and (4) the extent to which previous delays or disruptions are attributable to the defendant.

3. Evidence — Criminal Law — Rebuttal Evidence.

The determination as to whether evidence which could have been offered in a party's case in chief may be given in rebuttal is within the discretion of the trial court; generally, the only type of contradictory evidence that is admissible is that which directly tends to disprove the exact testimony given by a witness.

4. Jury — Jury Instructions — Criminal Law.

A jury instruction which informs the jury that they should listen to each other with open minds and that their verdict should be unanimous is not coercive.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. Gillis, P.J., and V. J. Brennan and A. C. Miller,* JJ.

A. C. Miller, J. Defendant appeals his conviction of armed robbery, MCL 750.529; MSA 28.797, claiming error in denial of adjournment, permitting unendorsed witnesses to testify on rebuttal and instructional coercion. Defendant was first brought to trial in September of 1975. His trial resulted in a mistrial. On the day defendant's second trial was scheduled to commence, defendant's newly retained counsel requested an ad-

* Circuit judge, sitting on the Court of Appeals by assignment.

journment so that a transcript of the first trial could be made. The trial court denied counsel's request. We find no error.

A request for an adjournment is addressed to the sound discretion of the trial court, which will not be reversed unless that discretion is abused. *People v Shuey,* 63 Mich App 666; 234 NW2d 754 (1975), *People v Parker,* 76 Mich App 432; 257 NW2d 109 (1977). Those factors which must be carefully balanced by the trial court are: (1) the origin and nature of the right asserted; (2) the defendant's reasons for asserting the right; (3) the defendant's negligence or untimely assertion of the right; and (4) the extent to which previous delays or disruptions are attributable to the defendant. *People v Eddington,* 77 Mich App 177; 258 NW2d 183 (1977), *lv den* 402 Mich 944 (1978).

In considering these factors in the case at bar, there is no indication that the trial court abused its discretion. Defense counsel was tardy in requesting a transcript of the mistrial. Moreover, defendant has not established that any prejudice resulted from not having a transcript of this mistrial. *People v Hill,* 88 Mich App 50; 276 NW2d 512 (1979). In slightly different terms, there was no "good cause" to justify the expense and inconvenience of an adjournment. See MCL 768.2; MSA 28.1025 and GCR 1963, 503.1. Once all of the component pieces of a trial finally come together, adjournment of the trial is no trivial matter.

Defendant next alleges that the prosecuting attorney improperly split his case before the jury and that the trial court erred in permitting the prosecutor to introduce certain testimony during rebuttal. The prosecutor sought to endorse at the close of his proofs two witnesses who had been in a hallway adjacent to the apartment in which the

robbery took place. These witnesses observed the defendant depart from the scene. The witnesses were present at the trial and were offered to the defense for side bar interviews. The trial court denied the prosecutor's request as untimely. Defendant took the stand in his own behalf and testified that he was not present in the area where the robbery occurred. The trial court then allowed the prosecutor to admit the testimony of the two witnesses to rebut defendant's assertion that he was not in the area. We find no error.

In *People v Ejeber,* 66 Mich App 333, 340-341; 239 NW2d 604 (1976), this Court aptly summarized the law in this area:

"Legitimate rebuttal testimony is limited to the refutation or impeachment of relevant and material evidence properly raised by the opposing party. *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975), 1 Gillespie, Michigan Criminal Law & Procedure, 2d ed, ¶ 407, pp 493-494. Ordinarily a prosecutor is prohibited from calling a rebuttal witness to offer testimony which should have been received in his case in chief. *People v Quick,* 58 Mich 321; 25 NW 302 (1885). It is still the rule, however, that the decision as to 'whether evidence which could have been offered before resting may be given in rebuttal is a matter within the discretion of the trial court'. *People v Utter,* 217 Mich 74; 185 NW 830 (1921)."

In *People v McGillen #1,* 392 Mich 251, 268; 220 NW2d 677 (1974), the Supreme Court stated:

"Generally, the only type of contradictory evidence that is admissible is that which directly tends to disprove the exact testimony given by a witness."

In this case, the testimony of the prosecutor's rebuttal witnesses tended to disprove the defen-

dant's assertion that he was not at the scene of the robbery. Moreover, the prosecutor had attempted to endorse these witnesses so that they might testify in the prosecutor's case in chief. *Contra, People v Beck,* 96 Mich App 633; 293 NW2d 657 (1980). In the circumstances of this case, we conclude that no reversible error occurred. *People v Tocco,* 60 Mich App 130; 230 NW2d 341 (1975), *lv den* 395 Mich 822 (1975).

Defendant lastly alleges that the jury's verdict was coerced by the following part of the original instruction:

"And in your deliberations you should listen to each other with an open mind and your final verdict should be unanimous; that is, it will have to be agreed upon by all of you."

We do not view this instruction as coercive. It is informational and not designed to cause a juror "to abandon his conscientious dissent and defer to the majority". *People v Goldsmith,* 94 Mich App 155, 159; 288 NW2d 372 (1979). See also, *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974).

Affirmed.